980 F.2d 735
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Plaintiff Appellee,
v.
Ralph A. WYNN, Defendant Appellant.
 No. 92-2360.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 10, 1992.
Filed: December 4, 1992.
 
 Before RICHARD S. ARNOLD, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Ralph A. Wynn appeals his conviction for bank robbery in violation of 18 U.S.C. § 2113(a). Wynn argues that the district court[1] erred in denying his motion for acquittal because the evidence was insufficient to prove that he took money from the bank "by intimidation," as the statute requires. We affirm.
 
 
 2
 On October 16, 1990, Wynn entered the Boatmen's Bank in Fenton, Missouri, asked bank teller Greg Phelps for a pen, wrote out a note saying "I have a gun and give me the money," and handed the note to Phelps. Phelps opened his cash drawer and handed Wynn cash that he stuffed in a bag. A neighboring teller determined Phelps was being robbed, activated the bank's security cameras, and left to warn other employees. Wynn retrieved his note and left the bank with the bag of cash, later determined to be $7680. Wynn was subsequently identified from the security photos and arrested in Arizona with some $1700 cash in his possession.
 
 
 3
 At trial, the two bank tellers identified Wynn as the robber. Phelps testified that, while he did not see a gun or any bulge in Wynn's clothing, he was "intimidated" by Wynn's obvious nervousness and the note. At the close of the prosecution's case, the defense presented no evidence and moved for judgment of acquittal on the ground that Wynn used no force and made no action or statement that would produce a reasonable fear of bodily injury to bank teller Phelps. The district court denied the motion but instructed the jury on the lesser-included offense of bank larceny, concluding that the evidence permitted but did not require the jury to find the element of intimidation necessary to convict Wynn of bank robbery. The jury found Wynn guilty of bank robbery, and he appeals.
 
 
 4
 On appeal, Wynn argues that the prosecution failed to prove the necessary element of force or threat because there was no gun visible to Phelps, no evidence that Wynn had a weapon in his possession, and no evidence that he acted in an intimidating or threatening manner. We disagree. In United States v. Smith, 973 F.2d 1374, 1377 (8th Cir. 1992), we held that the threat implicit in making a written or oral demand that a bank teller turn over money may be sufficient evidence of intimidation to support a conviction of bank robbery. After careful review of the trial testimony, we agree with the district court that Wynn's conduct in handing teller Phelps a threatening note was sufficient evidence to support the jury's finding that Phelps was intimidated into handing Wynn the money from Phelps's cash drawer.
 
 
 5
 Just prior to oral argument, Wynn filed a pro se motion for leave to file a supplemental brief raising numerous additional issues not presented by his court appointed attorney. The motion is granted. Most of the issues raised in Wynn's supplemental brief were not properly preserved for appeal. In any event, we have carefully reviewed the trial record and conclude that each of these contentions is without merit.
 
 
 6
 The judgment of the district court is affirmed.
 
 
 
 [1]
 The HONORABLE WILLIAM L. HUNGATE, Senior United States District Judge for the Eastern District of Missouri. Judge Hungate retired on June 30, 1992