51 F.3d 278
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Ralph A. WYNN, Appellant.
 No. 94-3315.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Mar. 16, 1995.
Filed: Mar. 28, 1995.
 
 Before McMILLIAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ralph A. Wynn appeals the district court's[1] decision to include a restitution order in sentencing Wynn following revocation of his supervised release. We affirm.
 
 
 2
 In 1991, Wynn was convicted of bank robbery and sentenced to 51 months in prison and three years of supervised release. Based upon a presentence report that Wynn owned assets worth $4,500 and received a monthly social security benefit of $397, the district court[2] further ordered him to pay $7,679.69 in restitution to the victim bank within three years of his release from prison. The court expressly found that Wynn had the ability to pay this restitution, as we required in United States v. Mitchell, 893 F.2d 935 (8th Cir. 1990). Wynn did not object to the restitution order. We subsequently affirmed his conviction. See United States v. Wynn, No. 92-2360, 1992 WL 354579 (8th Cir. Nov. 10, 1992) (per curiam), cert. denied, 113 S. Ct. 2387 (1993).
 
 
 3
 In 1994, after Wynn completed his prison term, the district court found that he violated two conditions of supervised release. The court revoked supervised release and sentenced Wynn to three months in prison. Over Wynn's objection, the court also continued the restitution order in effect, with the modification that Wynn will have five years from his release from the three-month incarceration to pay the $7,679.69 in full.
 
 
 4
 On appeal, Wynn argues that the district court abused its discretion in ordering him to pay restitution when there was no evidence of his present financial ability. However, the district court in revoking Wynn's supervised release had no obligation to revisit this issue on its own motion. When a restitution order has been properly imposed and "at some later time, the defendant's financial condition somehow changes, either the government or the defendant can return to the sentencing court and ask it to modify its order." Mitchell, 893 F.2d at 936. Here, Wynn did not argue at the revocation hearing that his financial condition had changed; instead, he argued that he was "still indigent." Therefore, the district court did not abuse its sentencing discretion by leaving the restitution order in effect.
 
 
 5
 The judgment of the district court is affirmed.
 
 
 
 [1]
 The HONORABLE CAROL E. JACKSON, United States District Judge for the Eastern District of Missouri
 
 
 [2]
 The HONORABLE WILLIAM L. HUNGATE, Senior United States District Judge for the Eastern District of Missouri, now retired