UNITED STATES of America, Appellee,

v.

**Sharon Kay JOHNSON, Appellant.**

No. 89–5489.

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1990.

Decided July 16, 1990.

---

Daniel Scott, Minneapolis, Minn., for appellant.

Douglas R. Peterson, Minneapolis, Minn., for appellee.

Before McMILLIAN and BEAM, Circuit Judges, and HEANEY, Senior Circuit Judge.

BEAM, Circuit Judge.

Sharon Kay Johnson entered a plea of guilty to two counts of making false statements in applications for bank loans, in violation of 18 U.S.C. § 1014 (1988). Johnson appeals her sentence, arguing that the district court[1] erred in computing her offense level under the Sentencing Guidelines, and in denying her motion for a downward departure from the applicable guideline range. The court sentenced Johnson to fifteen months imprisonment, plus a supervised release term of one year, and ordered Johnson to pay a special assessment of $100. We affirm.

## I. BACKGROUND

Lacking the ability to obtain credit because of her prior history of loan defaults and judgments, Johnson obtained a Minnesota driver's license in December of 1987 which indicated that her name was Sharon Janene Taylor. On March 4, 1988, Johnson applied for a social security card in the name of Sharon Janene Taylor, using a falsified baptismal certificate and her new driver's license. The Minnesota Social Security office issued the card with the name of Taylor, and Johnson subsequently used it to obtain credit from a department store, a mortgage company, First Bank East, N.A., and Norwest Bank Minnesota, N.A. *See* Appellant's Addendum C, Presentence Report at 1. In May of 1988, Johnson obtained a $15,039 loan from First Bank East, and applied the money to the purchase of a 1988 Mazda 626. Johnson also secured a $6,653 loan from Norwest and bought a 1983 Mazda RX–7. *See id.*, Sentencing Transcript at 6.

---

1. The Honorable Donald D. Alsop, Chief Judge, United States District Court for the District of Minnesota.

After discovering that Johnson used a false identity to obtain the loans, the banks repossessed the Mazdas. First Bank East towed the 1988 Mazda to a local automobile dealership on October 18, 1988. An unknown individual telephoned the bank and claimed that personal property was still located in the Mazda. The bank informed the caller where the car was parked. The Mazda was subsequently stolen and, thus, the bank lost its opportunity to liquidate the Mazda and recoup a portion of Johnson's loan. First Bank East's insurance company, however, reimbursed it for the amount of the loan. Norwest repossessed the 1983 Mazda on June 9, 1989, and liquidated the car. Norwest valued its loss at $3,987.53.

Under a federal grand jury's three-count indictment, Johnson pleaded guilty to Count II, making a false statement to First Bank East to obtain a loan, and to Count III, making a false statement to Norwest to obtain a loan. The government dismissed Count I in accordance with the plea agreement. The district court computed Johnson's offense level according to the total amount of the two loans, and it denied Johnson's motion for a downward departure. On appeal, Johnson raises two issues. She claims that (1) the offense level computation should not be based on the total amount of credit extended to her because the banks were secured creditors; and (2) Johnson is the single mother of an infant, and because this mitigating circumstance was not adequately taken into consideration by the Sentencing Commission when it formulated the guidelines, and because the district court did not believe that it had the authority to issue a sentence below the guideline range, a downward departure is warranted in her case.

## II. DISCUSSION

A. Method of calculating loss under the guidelines

■ Relying on U.S.S.G. § 2F1.1 and the presentence report, the district court concluded that Johnson's offense level was to be determined by the total amount of the two bank loans. *See* Sentencing Hearing Transcript at 11. Pursuant to section 2F1.1(a) of the guidelines, the base offense level is six for offenses involving fraud or deceit. Section 2F1.1(b)(1) provides that the court must increase a defendant's offense level based on the amount of dollar loss exceeding $2,000 which resulted from the defendant's fraudulent scheme. Johnson argues that the dollar loss in her case was far less than the court's valuation of loss. Johnson asserts that the banks were secured creditors and both Mazdas were ultimately repossessed. Norwest recouped $2,665.47 from its $6,653 loan. Also, after the 1988 Mazda was stolen, First Bank East received the loan amount of $15,039 from its insurance company. Both banks, therefore, lost far less than the amount which the district court used for sentencing purposes.

Although the banks were able to recoup a substantial portion of their loans, we agree with the district court that a defendant's offense level should not turn on whether or not the banks recovered some of their potential loan losses. Rather, the focus for sentencing purposes should be on the amount of the possible loss which Johnson attempted to inflict on the banks. Commentary 7 under section 2F1.1 of the guidelines provides that "if a probable or intended loss that the defendant was attempting to inflict can be determined, that figure would be used if it was larger than the actual loss." Accordingly, the district court did not err in finding that the total dollar loss of $21,692 should be used in calculating Johnson's offense level.

B. Mitigating circumstances

■ Based on her status as a single mother of an infant, Johnson argues that the district court erred in failing to depart downward from the guidelines when imposing her sentence. Johnson asserts that the guidelines fail to adequately consider the hardship a sentence can impose on a defendant's family. Because the Sentencing Commission did not properly evaluate this mitigating circumstance, Johnson argues, 18 U.S.C. § 3553(b) (1988) provides a basis for a downward departure from the guide-

lines. Section 3553(b) provides that departure from the guidelines may be warranted where there exists "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines."

Limiting appellate review of a district court's refusal to depart from the guidelines, 18 U.S.C. § 3742(e) (1988) provides that a reviewing court must uphold a sentence unless it was: (1) imposed in violation of the law; (2) imposed because the court incorrectly applied the guidelines; (3) outside the range of the applicable guideline or was unreasonable; or (4) imposed for an offense with no applicable guideline and is plainly unreasonable.

■ This circuit has determined that departures pursuant to section 3553(b) were intended by the Commission to be allowed only in rare cases. *See United States v. Justice*, 877 F.2d 664, 666 (8th Cir.), *cert. denied*, — U.S. —, 110 S.Ct. 375, 107 L.Ed.2d 360 (1989) ("[d]epartures under § 3553(b) were intended to be quite rare"); U.S.S.G. Ch. 1, Pt. A 4(b), p.s. ("[w]hen a court finds an atypical case ... the court may consider whether a departure is warranted"). Also, district courts should apply section 3553(b) only when a situation or mitigating circumstance was not addressed by the Commission in its guidelines, policy statements, or official commentary. *Justice*, 877 F.2d at 666. In this case, Johnson argues that the Commission did not adequately address the issue of family ties and responsibilities. The Commission, however, published a policy statement under section 5H1.6 which provides that family ties and responsibilities "are not ordinarily relevant in determining whether a sentence should be outside the guidelines." U.S.S.G. § 5H1.6, p.s. Accordingly, the district court found that Johnson's case was not atypical and that Johnson's family ties with her daughter were not a reasonable basis for a downward departure.

■ A different result would be reached, however, if the district court believed that it lacked power to sentence Johnson below the applicable guideline range. *See United States v. Evidente*, 894 F.2d 1000, 1005 (8th Cir.), *cert. denied*, — U.S. —, 110 S.Ct. 1956, 109 L.Ed.2d 318 (1990). Johnson argues that the judge in this case did not realize that he had the authority to depart because he stated that the only reason he would issue a sentence below the guidelines was for the welfare of Johnson's child, and "in my view that is not a reasonable basis for a departure; as tough as it is for you and more importantly for your child." Sentencing Transcript at 22. We do not believe that the court's statement reflects a belief that the court lacked the power to depart from the guidelines. Rather, we think the court believed that a departure was not warranted in this particular case.

Knowing that Johnson's separation from her infant could have unforeseen and adverse consequences, but also realizing that parents frequently are separated from children during periods of incarceration, we find that the district court properly considered the option of departure. The court exercised its discretion and refused to depart. Accordingly, we lack authority to review this aspect of the district court's sentencing determination. *See Evidente*, 894 F.2d at 1004.

## III. CONCLUSION

Even though Norwest and First Bank East were secured creditors, we find that the total amount of the loans should be considered for determining the base offense level necessary for sentencing. Also, Johnson's situation as a single mother of an infant was adequately considered by the Guidelines Sentencing Commission and, thus, 18 U.S.C. § 3553(b) is not applicable to this case. In addition, the district court was aware that it had authority to issue a sentence below the guideline range based on Johnson's family ties. The district court's refusal to depart, therefore, is not reviewable by this court. Thus, for the reasons stated, the district court's judgment is affirmed.