925 F.2d 1457
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dalelynne A. CONNER, Defendant-Appellant.
 No. 90-5675.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 16, 1990.
Decided Feb. 22, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., District Judge. (CR-90-15-N)
 W. Thurston Harville, Virginia Beach, V., for appellant.
 Oliver Lewis Norrell, III, Assistant United States Attorney, Norfolk, V., for appellee.
 E.D.Va.
 AFFIRMED.
 Before SPROUSE and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 In April 1989, Dalelynne A. Conner and her husband, Robert Conner, submitted a HUD/FHA application for commitment for insurance under the National Housing Act in an effort to secure a loan to purchase a house in Niles, Michigan. The application contained numerous false representations, including false names of the co-borrower, false social security numbers, and false employment status information. The amount of the loan sought was $66,750.00.
 
 
 2
 On April 10, 1990, Mrs. Conner pled guilty to one count of making false statements to the Department of Housing and Urban Development, in violation of 18 U.S.C. Sec. 1001. She was sentenced to eighteen months imprisonment, three years supervised release, and a special assessment of $50.00.
 
 
 3
 The offense level under the guidelines was calculated by starting with a base level of six for fraud and deceit under Sec. 2F1.1(a) and adding five under Sec. 2F1.1(b)(1)(F) because the potential loss was valued at more than $40,000.00. The total amount of the loan sought, $66,750.00, was used in assessing potential loss. Mrs. Conner contends on appeal that the actual potential loss was less than $40,000 because the loan guarantee was indirectly secured by the lender's first mortgage on the house to be purchased.*
 
 
 4
 We review district court findings of fact underlying sentencing determinations for clear error, with due deference given to the court's application of the guidelines to the facts. 18 U.S.C. Sec. 3742(e).
 
 
 5
 The Commentary to Sec. 2F1.1 states that "[i]n keeping with the Commission's policy on attempts, if a probable or intended loss that the defendant was attempting to inflict can be determined, that figure would be used if it was larger than the actual loss." The examples cited in the commentaries to Secs. 2F1.1 and 2B1.1 demonstrate that even if some of the intended loss is recovered or never collected by the defendant, the probable or intended loss should not be reduced for sentencing purposes.
 
 
 6
 The facts of this case are very similar to those in United States v. Johnson, 908 F.2d 396 (8th Cir.1990). In that case, the defendant pled guilty to making two false statements to two banks to obtain loans to purchase two cars. Id. at 398. The district court determined that the "loss" was the total amount of the loans. Id. The defendant argued that the banks were secured creditors, and because both cars were ultimately repossessed, the loss was far less than the amount of the loans. In rejecting her argument, the Eighth Circuit held that the offense level should not turn on whether or not the banks recovered some of their potential loan losses. The focus for sentencing purposes should be on the possible loss which the defendant attempted to inflict on the banks, which is properly measured by the total amount of the loans. Id.
 
 
 7
 We agree with the interpretation of the guidelines in Johnson and hold that the loss measured by the amount of loans secured through false representations should not be reduced by the value of collateral used to secure those loans. Accordingly, we find that this appeal is without merit, and we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Dalelynne Conner's husband, Robert, currently has an appeal (No. 90-5657) pending in this Court which raises the same issue