**Terry KOK, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 93–2708.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 11, 1993.

Decided Feb. 18, 1994.

248

Counsel who presented argument on behalf of the appellant was Sally Renskers of Atlanta, GA. Catherine Piersol and Mark Meierhenry of Sioux Falls, SD appeared on the brief.

Counsel who presented argument on behalf of the appellee was Thomas J. Wright, AUSA, of Sioux Falls, SD.

Before RICHARD S. ARNOLD, Chief Judge, BEAM, Circuit Judge, and JACKSON,* District Judge.

* The HONORABLE CAROL E. JACKSON, United States District Judge for the Eastern District of Missouri, sitting by designation.

JACKSON, District Judge.

Terry Kok appeals the 27–month sentence of imprisonment and the order of restitution imposed by the district court following his plea of guilty to violation of 18 U.S.C. § 1014 (making false statements to a federally insured financial institution). Appellant argues that the district court erred (1) in using amended versions of 18 U.S.C. § 1014 and the United States Sentencing Guidelines (U.S.S.G.) that were not in effect at the time of the offense; (2) by incorrectly calculating the amount of loss for purposes of U.S.S.G. § 2F1.1; (3) by improperly determining that it lacked authority to grant a downward departure from the guideline range; and (4) in ordering payment of restitution. For the following reasons, we affirm in part and reverse in part and remand for resentencing.

## I. BACKGROUND

From 1984 through 1989 Kok was employed as the controller for Component Manufacturing Company ("Component"). During this period, Component had a line of credit with Western Bank of Sioux Falls, South Dakota ("Western"). The line of credit was initially established at $200,000, but was eventually increased to $1,300,000.

In July 1985, Kok noticed a shortage of approximately $25,000 in Component's lumber inventory. In order to cover the shortage he altered the entries in the company's accounting system. Discrepancies continued throughout the years 1986, 1987, 1988 and 1989. Without advising any officer or director of Component, Kok continued to alter the accounts in an effort to make the profit and loss statements appear correct. In addition, Kok prepared false year-end financial statements and submitted them to Component's president. The financial statements were, in turn, forwarded to Western and were relied upon by the bank in evaluating Component's continuing line of credit. As a result of the false portrayal of the company's financial condition, Western continued to increase Component's line of credit. Further, in reliance on the false financial statements, Component paid bonuses to Kok and three other employees totalling $202,709.70. During his employment, Kok also took $300 from a petty cash fund without authorization.

Almost immediately upon discovering the falsity of the financial statements, Western reduced Component's line of credit from $1,300,000 to $750,000. Kok, pursuant to a private written agreement, repaid Component $72,334.87 representing the amount of the bonuses he received, including interest.

Kok was charged by indictment with four counts of violating 18 U.S.C. § 1014 and one count of violating 18 U.S.C. § 4 (misprision of a felony). He pleaded guilty to Count 4 of the indictment which charged him with making a false statement on March 14, 1989 pertaining to Component's financial condition for the years 1985 through 1988 for the purpose of influencing Western's actions with respect to Component's line of credit.

## II. DISCUSSION

■ The version of 18 U.S.C. § 1014 that was in effect on the date of the offense provided for a maximum sentence of imprisonment of two years. An amendment to the statute which became effective on November 29, 1990 increased the maximum sentence of imprisonment to 20 years. *See* 18 U.S.C. § 1014 (1992) (original at Pub.L. 101–647 (November 29, 1990)). At sentencing the district court applied the amended version of the statute and a revised version of the sentencing guidelines that was then in effect. As a result, the district court determined that the guideline range for imprisonment was 27 to 33 months. The government concedes, and we agree, that application of the amended version of § 1014, resulting in punishment that was greater than that which existed at the time the offense was committed, violated the ex post facto clause of the United States Constitution. *Weaver v. Graham,* 450 U.S. 24, 28, 101 S.Ct. 960, 963–64, 67 L.Ed.2d 17 (1981). On remand, the district court should apply the pre-amendment version of § 1014 such that the maximum sentence of imprisonment that Kok may receive is 24 months.

■■ Appellant's second argument is that the sentencing court incorrectly applied the guidelines in determining the amount of the

loss. We review a district court's finding regarding loss under U.S.S.G. § 2F1.1 under the clearly erroneous standard. *United States v. Earles*, 955 F.2d 1175, 1180 (8th Cir.1992). The district court in this case determined that the amount of loss was $1,000,000, of which $800,000 was attributed to the amount of jeopardy to Western and the balance attributed to the bonuses paid by Component to Kok and three other employees.

■ Section 2F1.1 of the guidelines provides that the base offense level for an offense involving fraud or deceit is to be increased according to the amount of the loss. The amount of loss used to increase the offense level is either the actual loss resulting from the fraudulent conduct or the amount of loss the defendant intended to inflict, whichever is greater. *United States v. Edgar*, 971 F.2d 89, 93 (8th Cir.1992). In the instant case, there was no evidence of actual loss with regard to the line of credit. All loans, plus interest, obtained during the period in question were repaid by Component to Western in a timely fashion. Therefore, the focus for purposes of sentencing should be on the amount of the possible loss that Kok attempted to inflict. *United States v. Johnson*, 908 F.2d 396, 398 (8th Cir.1990).[1]

In this case, as a result of Kok's false representations, Western extended the line of credit beyond the amount it would have allowed had it been aware of Component's true financial status. Thus, the measure of the loss that Kok intended to inflict is the difference between the amount of credit the bank extended based on the false representations and the amount of credit the bank would have extended had it known the company's true financial condition. On remand, the district court should calculate the amount of the loss in this manner in determining the offense level under U.S.S.G. § 2F1.1.

■ Kok also challenges the district court's inclusion of the bonuses paid by Component in the loss computation. He argues that the bonuses should not have been included because Western was the only victim of the offense. For sentencing purposes the task of the district court is to determine the amount of loss that is attributable to the defendant's criminal conduct. *United States v. Wilson*, 980 F.2d 259, 261 (4th Cir.1992). The guidelines do not define who may be considered a "victim" for the purpose of calculating the loss. Component's president testified at the sentencing hearing that based on the false financial statements Kok prepared the company paid $202,709.70 in bonuses to Kok and three other employees. As a result of the scheme perpetrated by Kok, Component suffered actual losses. When the offense involves a false statement, "the inquiry to determine loss must focus on the amount of loss related to the false statement." *Id.* (amount repaid to financial institution by guarantor could be included as a loss for purposes of calculating the sentence for making false statement to a financial institution). We believe the district court properly included Component's actual losses in determining the intended loss under U.S.S.G. § 2F1.1.

■ Kok's third point is that the district court erroneously determined that it lacked authority to grant a downward departure. A district court's refusal to depart may be reversed if the refusal is based on the belief that the court lacked the power to depart. *Johnson*, 908 F.2d at 399. In this case the district court stated, "[I]n examining all of the evidence which has been submitted here this morning, I am of the—of the opinion and therefore, find that the Court will not provide for its—its discretion to depart downward." (Sentencing Transcript, p. 118). Thus, the district Court clearly recognized that it had authority to consider a downward departure, but determined that no departure was warranted. This aspect of the district court's determination is not subject to review. *Johnson*, 908 F.2d at 399.

1. Appellant has cited a number of cases from other circuits for the proposition that the "loss" under § 2.F1.1 should be equal to the "net loss" or the actual harm caused to the victim. However, this Court, acknowledging the split among the circuits, has held that the amount of "loss" does not hinge upon actual loss or "net loss." *See United States v. Prendergast*, 979 F.2d 1289, 1292 n. 1 (8th Cir.1992).

■ Kok's fourth challenge concerns the award of restitution. Initially, he contends that the $130,674.83 awarded to Component is a fine that violates the ex post facto clause.[2] Because the judgment in this case clearly reflects that this award was made as restitution, appellant's argument is without merit.

■ Kok also argues that no restitution should have been awarded to Component because the company was not a victim of the offense of conviction. Restitution may only be awarded for the loss "caused by the specific conduct that is the basis of the offense of conviction." *Hughey v. United States*, 495 U.S. 411, 413, 110 S.Ct. 1979, 1981, 109 L.Ed.2d 408 (1990). The district court found that as a result of the offense to which Kok pleaded guilty, Component paid bonuses to him and three other employees. Although Western was the direct victim of the false statements, Kok also injured Component. *See United States v. Farkas*, 935 F.2d 962, 967 (8th Cir.1991).

In *Farkas, supra*, the defendant owned several telemarketing companies that were involved in making unauthorized charges to customers' credit cards. The bank established a merchant's account for the defendant that allowed him to deposit credit slips and receive immediate credit and to make withdrawals as if the credit slips were cash. The defendant was convicted of credit card fraud but was acquitted of wire fraud. The bank was the alleged victim of the wire fraud charge. The court found that although the direct victims of the credit card scheme were the customers, the defendant also injured the bank. Thus, the court held that it was proper to award restitution to the bank, even though the defendant was acquitted of the wire fraud charge. *Id.* at 967.

In the instant case, the direct victim of the false financial statements was Western.

However, Component was one of the ultimate victims as it, too, acted in reliance upon the false financial statements. We find no error in the district court's order of restitution to Component.

Alternatively, Kok requests that the restitution award be vacated because the district court failed to indicate on the record that it considered the relevant factors set forth in 18 U.S.C. § 3664(a).[3] The presentence report that was submitted to the court contained detailed information regarding Kok's assets and liabilities. Kok was also furnished a copy of the report and had the opportunity to comment on the information it contained. *See United States v. Clausen*, 792 F.2d 102, 106 (8th Cir.1986), *cert. denied*, 479 U.S. 858, 107 S.Ct. 202, 93 L.Ed.2d 133 (1986).

In *United States v. Owens*, 901 F.2d 1457 (8th Cir.1990), we encouraged sentencing courts to make specific findings of fact about the defendant's financial resources, financial needs, earning ability, and financial obligations to his dependents when ordering restitution. *Id.* at 1459–1460. On remand, the district court should make specific findings on the record concerning Kok's ability to pay restitution.

Finally, Kok argues that the district court erred in denying his motion to modify the statement of facts that accompanied the plea agreement.[4] This statement of facts, according to Kok, contained an incorrect reference to a false financial statement that he filed for the calendar year 1989. Kok argues that the district court should not have considered this as relevant conduct because he never prepared or submitted a financial statement covering the year 1989 and he was never charged with doing so. The record does not clearly reflect the district court's ruling on the motion to modify, nor does it reflect whether the court considered as relevant conduct the information Kok challenges as

2. The version of 18 U.S.C. § 1014 in effect at the time of the offense provided for a maximum fine of $5,000. The amended version provides for a maximum fine of $1 million.

3. Section 3664(a) provides: "The court, in determining whether to order restitution under section 3663 of this title and the amount of such restitution, shall consider the amount of the loss

sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate."

4. The plea agreement and statement of facts were not included in the record on appeal.

incorrect. On remand, the district court will have the opportunity to specify the actions it considers as relevant conduct for sentencing purposes.

## III. CONCLUSION

We vacate Kok's sentence and remand to the district court for resentencing consistent with this opinion.