56 F.3d 69
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Robert Gerald BRITTON, Appellant.
 No. 94-1830
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 11, 1995
Filed: May 31, 1995
 
 Before McMILLIAN, LOKEN and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Robert Gerald Britton appeals from the final judgment entered in the District Court[1] for the Western District of Arkansas after he pleaded guilty to possession of one stolen motor vehicle (a Chevrolet pickup truck) and to interstate transportation of a second stolen motor vehicle (a GMC pickup truck), in violation of 18 U.S.C. Secs. 2312 and 2313. The district court sentenced Britton to 42 months imprisonment. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 According to the presentence report (PSR), Britton was arrested in Arkansas in April 1993 after a traffic stop revealed he was driving a Cadillac which had been stolen from Smith Chevrolet in Fort Smith, Arkansas. A 1993 Chevrolet truck Britton had left with a business partner in Arkansas had also been stolen from Frontier Chevrolet in El Reno, Oklahoma. Britton was released on bond in June 1993, disappeared, and failed to appear for his scheduled trial in September 1993. Britton was arrested that month in Pinedale, Wyoming, in possession of a GMC truck which had been stolen from Kansas City, Missouri.
 
 
 3
 The PSR indicated a total offense level of 14, a criminal history category of VI, and a sentencing range of 37 to 46 months. The PSR suggested restitution to the dealers for the $500 insurance deductibles for the two stolen trucks, and undetermined restitution payable to the two insurance companies involved. The PSR stated the companies had not yet sold their trucks and thus had not determined the amount of any net loss; the PSR recommended monitoring the matter and ordering restitution if necessary. The PSR noted officers had seized $2,500 in cash from Britton during his arrest, but also noted his lack of assets. The PSR indicated he did not appear to be able to pay a lump sum fine or restitution, but found him to be a good candidate for monthly installment payments during supervised release, given his excellent skills as an auto mechanic.
 
 
 4
 At sentencing, the parties stipulated to the values of the stolen vehicles: $18,400 for the GMC; $33,300 for the Cadillac; $19,697 for the Chevrolet; and a total value of $71,397. Britton argued, inter alia, that the Cadillac was not relevant conduct, and its consideration violated the "spirit if not the letter of the plea agreement," and that the probation officer's characterization of and approach to calculating the amount of restitution violated his confrontation and due process rights. After hearing testimony, the district court adopted the PSR's calculations, overruled Britton's objections, and sentenced him to two concurrent sentences of 42 months imprisonment and three years supervised release. The district court ordered Britton to pay restitution as directed in the PSR, with the conditions that the insurance companies had to sell the vehicles within 60 days or forfeit restitution altogether, and that the probation officer should bring any unreasonableness or lack of good faith to the court's attention. The district court also ordered $500 payments to the two truck dealers and a $4000 fine. Noting Britton's testimony that he had assets in jewelry and money to pay for the vehicles he took, the district court ordered the fine and restitution to be paid immediately, with any unpaid balance to be paid during the three-year supervised-release period according to a monthly payment schedule to be devised by the probation office.
 
 
 5
 On appeal, counsel filed a brief, arguing the district court clearly erred in including the value of the Cadillac as relevant conduct and abused its discretion in failing to set the amount of restitution to be paid at the time of sentencing. Britton filed a supplemental pro se brief, arguing that, because his sentences on the two charges were to be "concurrent," the district court should not have aggregated the value of the vehicles. He argued the U.S. Attorney broke the plea agreement by failing to "stand quiet" at sentencing. Regarding the Cadillac, he claimed he broke no law; if the government thought he did something wrong, it should have charged him; and the Cadillac's value should not have been included because it was uncharged conduct. He claimed ineffective assistance of counsel, and he asked to withdraw his plea.
 
 
 6
 Subsequently, on October 19, 1994, the district court amended its order. The district court determined the insurance companies had sold the vehicles and reported the losses to the probation office within 60 days after sentencing. The district court ordered Britton to pay $2,896.19 to one company and $2,039 to the other. We allowed Britton to file a supplemental brief, in which he asserts that he is unable to pay restitution and that a state charge concerning one of the vehicles has been improperly refiled against him.
 
 
 7
 Regarding Britton's accountability for the Cadillac, the Guidelines provide that a defendant's base offense level shall include all defined acts and omissions "that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. Sec. 1B1.3(a)(2) (Relevant Conduct). To be "part of a common scheme or plan," offenses "must be substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar modus operandi." Section 1B1.3, comment. (n.9(A)). We believe the district court did not clearly err in finding a similar modus operandi between Britton's two truck thefts and his theft of the Cadillac. See United States v. Sheahan, 31 F.3d 595, 599-600 (8th Cir. 1994). In addition, we agree with the district court that the government did not violate the plea agreement by producing evidence regarding the Cadillac because the government had reserved the right to present all facts to the court. Britton's pro se factual challenges-to the effect that he had not actually stolen the Cadillac-were rejected by the district court when it credited the government's version over Britton's testimony. See United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir. 1993) (witness- credibility findings virtually unreviewable on appeal).
 
 
 8
 A sentencing court is given a great deal of discretion in making a restitution decision. United States v. Mitchell, 893 F.2d 935, 936 (8th Cir. 1990). When an offense involves damage to or loss of property of a victim of the offense, the sentencing court may require the defendant to return the property or,
 
 
 9
 if return of the property ... is ... inadequate, pay an amount equal to the greater of-
 
 
 10
 (i) the value of the property on the date of the
 
 
 11
 damage, loss or destruction, or
 
 
 12
 (ii) the value of the property on the date of sentencing,
 
 
 13
 less the value (as of the date the property is returned) of any part of the property that is returned.
 
 
 14
 18 U.S.C. Sec. 3663(b)(1)(A), (B). This language empowered the district court to transfer from the insurance companies to Britton the cost of the lost value of the two trucks. Restitution, if imposed, "must be ordered at the time the defendant is sentenced." United States v. Prendergast, 979 F.2d 1289, 1293 (8th Cir. 1992) (district court abused its discretion where it left restitution issue open to uncertain date in light of possibility defendant's financial circumstances might improve); see also 18 U.S.C. Sec. 3663(a)(1) (court may order restitution "when sentencing a defendant"). Here, the district court's restitution order at sentencing gave the insurance companies 60 days to minimize their losses and sell the vehicles using good faith and reasonableness, and ordered Britton to make up the difference in value at that time only if they had complied. We find no abuse of discretion. In any event, the companies did comply and the district court amended its restitution order; Britton does not claim the eventual sale prices were unreasonable.
 
 
 15
 Britton's remaining pro se arguments are also meritless. In determining whether to impose restitution, the sentencing court must consider "the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the district court deems appropriate." 18 U.S.C. Sec. 3664(a); see also United States v. Kok, 17 F.3d 247, 251 (8th Cir. 1994) (specific findings required). Here, the district court noted Britton was claiming at sentencing that he had $33,000 worth of assets in jewelry-enough to pay restitution in a lump sum-but also provided for a monthly payment plan during supervised release should this not be the case. We find the district court did not abuse its discretion. Britton's claim that the district court should not have added together the loss of the vehicles is defeated by the Guidelines on theft (U.S.S.G. Sec. 2B1.1) and grouping of multiple counts (U.S.S.G. Sec. 3D1.2), which provide for calculating the value of the aggregate harm and applying the corresponding offense level in order to "permit an appropriate degree of aggravation of punishment." U.S.S.G. Ch.1, Pt.A, intro. (n.4(e)). His claim that a refiled state charge violated his plea agreement is more properly addressed in that case.
 
 
 16
 Finally, we conclude Britton's ineffective-assistance claim-raised for the first time on appeal-should be asserted in a 28 U.S.C. Sec. 2255 motion. See United States v. Klein, 13 F.3d 1182, 1185 (8th Cir.), cert. denied, 114 S. Ct. 2722 (1994). His motion for copies of his plea agreement and sentencing transcript is granted in light of his present pro se status.
 
 
 17
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas