UNITED STATES of America, Appellee,

v.

Michael Lee OSBORN, Appellant.

No. 94–3164.

United States Court of Appeals,
Eighth Circuit.

Submitted May 16, 1995.

Decided June 29, 1995.

Sharon K. Hills, Apple Valley, MN, argued, for appellant.

Francis J. Magill, Jr., Asst. U.S. Atty., Minneapolis, MN, argued, for appellee.

Before WOLLMAN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and BOGUE,* Senior District Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

In early 1994, Michael Lee Osborn was indicted in federal district court on ten counts of bank fraud related to his theft or alteration of checks that either he or his wife deposited into various bank accounts. *See* 18 U.S.C. § 1344. The first five counts involved checks allegedly stolen by his wife, with his assistance, from her employer during a four-week period in late 1992. The sixth count involved a check payable to Mr. Osborn that he allegedly altered in mid–1993. The remaining four counts involved checks allegedly stolen by Mr. Osborn from some friends during a three-week period in late 1993. Mr.

* The HONORABLE ANDREW W. BOGUE, Senior United States District Judge for the District of South Dakota, sitting by designation.

Osborn eventually pleaded guilty, under a plea agreement, to the first count of the indictment; the government then dismissed the other nine counts.

The district court sentenced Mr. Osborn to 27 months in prison and ordered payment of restitution in the amount of $43,892.20 (half of the amount in question in the first five counts plus all of the amount in question in the last five counts). Mr. Osborn appeals, arguing that the district court improperly calculated the loss that should be attributed to him and failed to make findings required by law in imposing an order of restitution. We affirm the judgment of the district court.[1]

## I.

■ Orders of restitution to victims are authorized by statute. *See* 18 U.S.C. § 3663(a)(1); *see also* U.S.S.G. § 5E1.1(a)(1). "For the purpose of restitution, a victim of an offense that involves as an element a scheme . . . or a pattern of criminal activity means any person directly harmed by the defendant's criminal conduct in the course of the scheme . . . or pattern." *See* 18 U.S.C. § 3663(a)(2). Mr. Osborn argues that the only check for which he should have to pay restitution is the one related to the count to which he pleaded guilty. The reason for that is, he contends, because he had no involvement in his wife's theft of the checks related to the second through fifth counts and because the checks related to the sixth through tenth counts were not part of the same "scheme . . . or . . . pattern of criminal activity," *id.*, involved in the first count.

A separate section of the statute provides, however, that the court "may . . . order restitution in any criminal case to the extent agreed to by the parties in a plea agreement." *See* 18 U.S.C. § 3663(a)(3). In Mr. Osborn's plea agreement, he agreed "to pay restitution in an amount ordered by the Court," including the amounts associated with the second through fifth counts "if the Court determines [that] all of [those] checks . . . are attributable to him as relevant conduct." In the plea agreement, Mr. Osborn also agreed that the court could "order additional restitution for the charges" in the sixth through tenth counts.

At sentencing, the district court ordered Mr. Osborn to make restitution for "half of the loss incurred with his wife . . . and all of the [remaining] loss." While it would have been preferable for the district court to have found explicitly that all of the counts described criminal activity that was part of the same "scheme . . . or . . . pattern," *see* 18 U.S.C. § 3663(a)(3), we believe that such a finding was implicit in the district court's decision to order restitution on all of the counts. We do not think that that finding was clearly erroneous. We also note that Mr. Osborn made no objection at the time to the amount of restitution ordered and that despite the district court's subsequent direct inquiry, Mr. Osborn's lawyer stated that he had nothing further to raise with the court.

Under these circumstances, we see nothing improper in the amount of restitution ordered by the district court. *See, e.g., United States v. Welsand,* 23 F.3d 205, 206–07 (8th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 641, 130 L.Ed.2d 546 (1994); *Kok v. United States,* 17 F.3d 247, 251 (8th Cir. 1994); and *United States v. Farkas,* 935 F.2d 962, 967–68 (8th Cir.1991).

## II.

■ Mr. Osborn also challenges the restitution order on the ground that the district court failed to make specific findings with respect to "the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate." *See* 18 U.S.C. § 3664(a). Specifically, Mr. Osborn argues that since the district court noted his indigency in deciding not to impose a fine as punishment, it was improper to order restitution in the absence of those findings.

The statute requires that, if so directed by the court, the presentence report on a defendant must include "information pertaining to

1. The Honorable Robert G. Renner, Senior United States District Judge for the District of Minnesota.

the factors [listed above]," *see* 18 U.S.C. § 3664(b), that "all portions of the presentence ... report pertaining to [those] matters" be disclosed to the defendant and his lawyer, *see* 18 U.S.C. § 3664(c), and that the "burden of demonstrating the financial resources of the defendant and the financial needs of the defendant and such defendant's dependents," in the event of a dispute on those questions, is on the defendant, *see* 18 U.S.C. § 3664(d). The presentence report on Mr. Osborn included information on his family history, his physical condition, his mental and emotional health, his education and employment history, and his financial condition. Mr. Osborn made no objections to the presentence report before sentencing. At the sentencing hearing, he objected solely to the computation of points attributable to his criminal history.

The district court then adopted the facts "as contained in the Presentence Report" and asked explicitly if Mr. Osborn had any objections to that. His lawyer replied, "No, Your Honor." While addressing the district court with respect to the appropriate sentence, neither Mr. Osborn nor his lawyer said anything about his financial condition other than that Mr. Osborn had "lost his job as a result of being incarcerated" pending his sentencing. When the district court listed the specifics of Mr. Osborn's sentence, the court expressly said that it had "taken into cognizance [the] defendant's financial condition" and therefore would not impose a fine. Finally, at the very end of the sentencing hearing, Mr. Osborn's lawyer stated that he had nothing further to raise.

It is clear to us that the district court considered the factors listed in the statute. We note also that in the plea agreement, Mr. Osborn specifically agreed to an order of restitution "in an amount ordered by the Court." Under those circumstances, and especially considering the fact that Mr. Osborn made no objection at sentencing to the imposition of a restitution order, we find nothing improper in either the district court's decision that Mr. Osborn should pay restitution or its manner of imposing that sentence. *See, e.g., United States v. Bartsh,* 985 F.2d 930, 932–33 (8th Cir.1993), *aff'd,* 7 F.3d 114

(8th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1204, 127 L.Ed.2d 551 (1994); *Means v. United States,* 961 F.2d 120, 120 (8th Cir.1992); *United States v. Andersen,* 928 F.2d 243, 245 (8th Cir.1991) *(per curiam);* and *United States v. Owens,* 901 F.2d 1457, 1459 (8th Cir.1990). *See also Kok v. United States,* 17 F.3d 247, 251 (8th Cir. 1994).

### III.

For the reasons stated, we affirm the judgment of the district court.