_____

No. 96-1271NE
_____

United States of America,      *
                               *
             Appellee,         *
                               *   Appeal from the United States
      v.                       *   District Court for the District
                               *   of Nebraska.
Louis M. Polak-Rudich, also    *
known as Sergio Clemens, also  *   [UNPUBLISHED]
known as John Doe,             *
                               *
             Appellant.        *
_____

Submitted:  July 16, 1996

Filed:  August 1, 1996
_____

Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
_____


PER CURIAM.


     Louis M. Polak-Rudich appeals the district court's order requiring
Polak-Rudich to pay $74,361.26 in restitution.  We affirm.


     Contrary to Polak-Rudich's view, the district court did not abuse its
discretion by ordering restitution.  See 18 U.S.C. § 3663(a)(1); U.S.S.G.
§ 5E.1.1(a)(1); United States v. Manzer, 69 F.3d 222, 229 (8th Cir. 1995)
(district courts have wide discretion to order restitution, and may do so
even though defendant is indigent at time sentence is imposed).  Polak-
Rudich did not object to the information in the presentence report (PSR)
about his family history, physical condition, financial position, and work
experience, and the sentencing transcript shows the district court
considered Polak-Rudich's financial resources and ability to pay
restitution. Cf. United States v. Osborn, 58 F.3d 387, 388-89 (8th

Cir. 1995) (affirming restitution order, absent specific findings by district court about defendant's ability to pay, where PSR included information about defendant's financial condition, defendant did not object to PSR or court's adoption of facts stated in it, defendant agreed in plea agreement to restitution, and defendant did not object at sentencing to restitution order). Further, Polak-Rudich did not show the district court or this court that he will be unable to pay restitution. See 18 U.S.C. § 3664(d) (defendant has burden of demonstrating his financial condition).

Thus, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.