92 F.3d 1190
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Louis M. POLAK-RUDICH, also known as Sergio Clemens, also
known as John Doe, Appellant.
 No. 96-1271NE
 United States Court of Appeals, Eighth Circuit.
 Aug. 1, 1996.
 Submitted July 16, 1996.
Decided Aug. 1, 1996.
 
 Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Louis M. Polak-Rudich appeals the district court's order requiring Polak-Rudich to pay $74,361.26 in restitution. We affirm.
 
 
 2
 Contrary to Polak-Rudich's view, the district court did not abuse its discretion by ordering restitution. See 18 U.S.C. § 3663(a)(1); U.S.S.G. § 5E.1.1(a)(1); United States v. Manzer, 69 F.3d 222, 229 (8th Cir.1995) (district courts have wide discretion to order restitution, and may do so even though defendant is indigent at time sentence is imposed). Polak-Rudich did not object to the information in the presentence report (PSR) about his family history, physical condition, financial position, and work experience, and the sentencing transcript shows the district court considered Polak-Rudich's financial resources and ability to pay restitution. Cf. United States v. Osborn, 58 F.3d 387, 388-89 (8th Cir.1995) (affirming restitution order, absent specific findings by district court about defendant's ability to pay, where PSR included information about defendant's financial condition, defendant did not object to PSR or court's adoption of facts stated in it, defendant agreed in plea agreement to restitution, and defendant did not object at sentencing to restitution order). Further, Polak-Rudich did not show the district court or this court that he will be unable to pay restitution. See 18 U.S.C. § 3664(d) (defendant has burden of demonstrating his financial condition).
 
 
 3
 Thus, we affirm.