_____

No. 96-1276
_____

United States of America,           *
                                     *
          Appellee,                  *
                                     *   Appeal from the United States
     v.                              *   District Court for the
                                     *   Western District of Missouri.
Conrad Jules Braun,                  *
                                     *        [UNPUBLISHED]
          Appellant.                 *


_____

          Submitted:  October 2, 1996

             Filed:  October 4, 1996
_____

Before FAGG, WOLLMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

     Conrad J. Braun appeals the district court's[1] order denying his
motion for return of property, denying his motion for  production of
documents, and granting the government's application for writ of execution.
We affirm.

     In April 1994, Braun pleaded guilty to several counts of mail fraud,
wire fraud, and interstate transportation of stolen monies. He committed
these offenses while operating the Gold Standard Corporation (GSC), of
which he was sole owner, president, and manager.  In a written plea
agreement, Braun agreed that the sentencing court could order restitution
in the full amount of loss and could order disposition of GSC's assets,
with pro rata distribution of the proceeds to victim investors, and he
agreed to

_____

     [1]The Honorable D. Brook Bartlett, Chief Judge, United States
District Court for the Western District of Missouri.

assist in the disposition of the assets. As part of the sentence later imposed, the district court ordered restitution of $1,966,694.19. On direct appeal, we affirmed. United States v. Braun, 60 F.3d 451 (8th Cir. 1995).

In April 1995, Braun moved under Federal Rule of Criminal Procedure 41(e) for the return of property seized pursuant to the February 1993 search of GSC; Braun had not challenged the search during his prosecution. Braun then filed a motion for the production of documents, asking the court to order the government to provide supporting documentation regarding the seized property. In October 1995, the government applied for a writ of execution, seeking authorization to sell specified GSC assets and to distribute the proceeds to Braun's victims. The district court granted the application and denied Braun's motions.

A postconviction filing for return of property seized in connection with a criminal case is treated as a civil equitable action, which the district court where the claimant was tried has ancillary jurisdiction to hear. Thompson v. Covington, 47 F.3d 974, 975 (8th Cir. 1995) (per curiam). We conclude the district court did not abuse its discretion in denying Braun relief. We agree with the court that, in the plea agreement, Braun waived any objection to the distribution of GSC's assets. Cf. United States v. Osborn, 58 F.3d 387, 388-89 (8th Cir. 1995) (affirming restitution order where defendant did not object to it at sentencing, and plea agreement had provided for restitution). Consequently, the district court also did not err in denying the motion for production of documents, or in granting the application for writ of execution.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.