# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1462

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Cassie Patterson, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: August 6, 2001

Filed: August 27, 2001

_____

Before BOWMAN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Cassie Patterson pleaded guilty to four counts of methamphetamine distribution. Her guideline sentencing range was thirty to thirty-seven months. The District Court departed downward to a sentence of probation, and the government appeals.

In deciding to depart downward, the District Court relied on a combination of two factors, which the government challenges in this appeal, arguing that the court abused its discretion in relying on these two factors and imposing a sentence of probation. The two challenged factors are: (1) Patterson was the mother of an infant,

who was some four months old at the time of sentencing, and (2) Patterson had a recently diagnosed congestive-heart condition that required medication and a strict dietary regime.[1]

Under United States Sentencing Guidelines § 5H1.6 (1998), "[f]amily ties and responsibilities . . . are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." Family-related considerations are thus "discouraged" factors under the analytical framework set out in Koon v. United States, 518 U.S. 81, 95 (1996). A discouraged factor warrants a departure "only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present." Id. at 96. Having searched the record of this case, we find nothing to make Patterson a viable candidate for a downward departure on this ground. There simply are no extraordinary circumstances to "take[] the case outside the heartland of the applicable Guideline." Id. at 109; see United States v. Kapitzke, 130 F.3d 820, 822 (8th Cir. 1997) (holding that district court abused its discretion in granting downward departure to father who was providing financial support to wife and two children); United States v. Bieri, 21 F.3d 811, 818 (8th Cir.) (holding that district court did not err in concluding that incarceration of both parents of two young children was not sufficiently extraordinary to support downward departure), cert. denied, 513 U.S. 878 (1994); United States v. Johnson, 908 F.2d 396, 398-99 (8th Cir. 1990) (holding that district court's refusal to depart downward was not reviewable where defendant's status as a single mother of infant was argued to justify a downward departure); see also United States v. Sweeting, 213 F.3d 95, 103-04 (3d Cir.) (holding that district court abused its discretion in concluding that family ties and responsibilities of a single mother supporting five children, one of whom suffered from Tourette's syndrome, were sufficiently extraordinary to justify departure under § 5H1.6), cert. denied, 531 U.S. 906 (2000).

------

[1]The District Court also referred favorably to Patterson's efforts at rehabilitation, a matter not at issue in this appeal.

A defendant's physical condition is also, like family ties and responsibilities, a discouraged basis for departure. Under United States Sentencing Guidelines § 5H1.4 (1998), "[p]hysical condition . . . is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." Nevertheless, "an extraordinary physical impairment may be a reason to impose a sentence below the applicable guideline range." Id. Patterson's request for a departure on this ground rested entirely on statements her counsel made at sentencing regarding her congestive-heart condition. Those statements, which everyone present at the sentencing appeared to accept as accurate, fall far short of showing that her heart condition amounted to an "extraordinary physical impairment." Even assuming that her condition, if untreated, is or would become life-threatening, Patterson has made no showing that the condition cannot properly or adequately be treated by prison medical facilities. The phrase "extraordinary physical impairment"

> should be interpreted according to its manifest purpose. Is the particular defendant's physical condition such that he or she would find imprisonment more than the normal hardship? Would imprisonment subject him or her to more than the normal inconvenience or danger? Does the physical condition have any substantial present effect on the defendant's ability to function? These questions must be answered for each individual defendant who claims the benefit of § 5H1.4.

United States v. Rabins, 63 F.3d 721, 729 (8th Cir. 1995), cert. denied, 516 U.S. 1153 (1996). A departure is properly denied when, as in the present case, there is "no evidence that imprisonment would worsen [Patterson's] condition or that [she] required special care" that the prison could not provide. Id. at 728. The District Court did not answer, and on the sparse record made at sentencing concerning Patterson's medical condition could not have answered, the questions that must be answered favorably to the defendant's position if a downward departure based on the defendant's physical condition is to be properly granted.

In these circumstances, we must conclude that the District Court's grant of a downward departure on the basis of the two discouraged factors discussed above was an abuse of discretion. The sentence of probation is vacated and the case is remanded for resentencing.[2]

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]Our disposition of the case makes it unnecessary for us to address the government's claim that the District Court erred as a matter of law in ordering a downward departure without providing meaningful prior notice to the government of the court's intended reason for departure.