**UNITED STATES of America, Appellee,**

v.

**Billy MITCHELL, Appellant.**

**No. 89–1795.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 9, 1989.

Decided Jan. 2, 1990.

Lee T. Lawless, St. Louis, Mo., for appellant.

Michael W. Reap, St. Louis, Mo., for appellee.

Before FAGG and BEAM, Circuit Judges, and HEANEY, Senior Circuit Judge.

HEANEY, Senior Circuit Judge.

Billy Mitchell pled guilty to one count of embezzlement in violation of 18 U.S.C. § 656. In addition to sentencing Mitchell to eight months imprisonment followed by supervised release for three years, the district court ordered Mitchell to pay restitution in the sum of $22,000 during the period of his supervised release. We reverse and remand for further proceedings.

BACKGROUND

Mitchell was charged with embezzling $73,081.81 from the Mercantile Bank of St. Louis. Before entering his guilty plea, Mitchell made restitution of $14,597.16 in cash and surrendered a 1988 Nissan Maxima for which the bank realized $13,200 from its sale. The remaining balance of the bank's loss was $45,284.65.

On review of his financial status, the probation office found that Mitchell's wife, who had a gross income equal to her husband's, and Mitchell had a combined net cash flow of $175 per month after debt expenses and living expenses for them and their three young children. The probation office concluded that "[c]onsidering the defendant and his wife have a combined monthly net income of $175, it appears unlikely the defendant could be capable of making restitution and paying the minimum fine as provided by the guidelines." The government did not object to this conclusion.

At the sentencing hearing, the district court, pursuant to the Sentencing Guidelines, initially sentenced Mitchell to make restitution in the amount of $45,284.65 to be paid within the first thirty months of supervised release. Mitchell's attorney objected to this amount relying on the report from the probation office and the fact that,

if Mitchell in good faith could not repay that amount, Mitchell would have to petition the court to set aside his sentence. The prosecuting attorney also admitted that he doubted whether Mitchell would be able to repay that amount. At this point, without taking any evidence on Mitchell's financial status other than the report of the probation office, the court ordered Mitchell to pay $22,000 of restitution.

## DISCUSSION

Section 5E4.1(a) of the Sentencing Guidelines provides that restitution shall be ordered for any conviction under Title 18 including embezzlement by a bank employee. The Commentary to this section provides:

> In determining whether to impose an order of restitution and the amount of restitution, the court shall consider the amount of loss the victim suffered as a result of the offense, the financial resources of the defendant, the financial needs of the defendant and his dependents, and other factors the court deems appropriate.

Mitchell argues that it was an abuse of discretion to order a defendant to pay restitution without a determination of his ability to pay. Mitchell relies on the fact that there was absolutely no evidence before the court that he had the ability to pay $22,000 of restitution. Moreover, the record does not indicate any actual consideration by the court of Mitchell's financial condition or his ability to pay.

While the trial court heard objection from Mitchell's counsel to the initial restitution order of over $45,000 and reduced the amount to $22,000, it failed to make any finding or receive any further evidence demonstrating Mitchell's ability to pay $22,000 over the three-year period of time.

We find the failure to make an informed decision whether Mitchell was able to pay $22,000 of restitution to be an abuse of discretion under the Sentencing Guidelines.[1] The court has a great deal of discretion in ordering restitution. A court's order of restitution must, however, be consistent with the defendant's ability to pay as set forth in the Commentary to U.S.S.G. § 5E4.1. While $22,000 may be an appropriate amount of restitution in this case, the sentencing court must fashion a payment schedule that a defendant can be expected to meet. If, at some later time, the defendant's financial condition somehow changes, either the government or the defendant can return to the sentencing court and ask it to modify its order.

Accordingly, we reverse and remand for further proceedings consistent with this opinion.

---

**1.** The government argues that the district court did consider Mitchell's financial resources. It points to page nine of the sentencing transcript: "Based on your educational background and prior employment history, the court feels that you have the ability to pay the balance of the restitution." This is, however, the extent of the court's discussion. On this basis, the district court determined that a twenty-year old with a high school education whose best paying job was $1,000 per month could repay $15,000 per year for three years in restitution. This was an abuse of discretion.

In addition, we do not accept the government's argument that, regardless of a defendant's present ability to pay, an unreasonably high amount of restitution is proper on the chance that the defendant may win the lottery. The government's logic ignores the serious consequences to defendant for his or her failure to fulfill his or her restitution order.