**UNITED STATES of America, Appellee,**

v.

**Larry D. OWENS, Appellant.**

**No. 89–1819.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 16, 1990.

Decided April 24, 1990.

Larry D. Owens appeals from a final judgment entered in the District Court for the Eastern District of Missouri finding him guilty, pursuant to a guilty plea, of one count of mail theft in violation of 18 U.S.C. § 1708. The district court sentenced Owens to a term of six months imprisonment, three years supervised release, and a $50 special assessment, and ordered him to pay restitution in the amount of $3,897.65 during the first .30 months of supervised release. For reversal Owens argues the district court mistakenly believed restitution is mandatory under the sentencing guidelines even when the defendant is indigent.

For the reasons discussed below, we vacate the restitution order and remand for further proceedings consistent with this opinion.

The facts are not disputed. Owens was employed by a trucking company as a truck driver. The trucking company is under contract with the U.S. Postal Service to transport mail between St. Louis and St. Peters, Missouri. Owens regularly drove this route. During the fall of 1988 Owens became addicted to cocaine and financed his cocaine addiction by stealing registered and insured mail. After an investigation by postal authorities, Owens was arrested. He cooperated with the authorities. He was indicted and charged with four counts of mail theft in violation of 18 U.S.C. § 1708. Following plea negotiations, Owens pled guilty to one count of mail theft.

The presentence investigation report found that the total loss to the victim, the U.S. Postal Service, was $10,662.20, for all four counts charged, and $3,897.65 for the offense of conviction. The total retail value of the items stolen from the mail was $40,363.00 (all four counts). The presentence investigation report also reviewed Owens's financial condition, obligations, education, and employment history. The presentence investigation report found that Owens was unmarried, had no dependents, was living with his sister, was unemployed and had no source of income, and had total assets valued at $50.00 (a motorless 1976 Ford Maverick). Objections were filed as to the proper determination of the value of the stolen items.[1] The district court sentenced Owens to a term of six months imprisonment, three years supervised release, and a $50 special assessment, and ordered him to pay restitution in the amount of $3,897.65 during the first 30 months of supervised release.[2] This appeal followed.

For reversal Owens argues the district court mistakenly believed restitution is mandatory under the sentencing guidelines even when the defendant is indigent. Before ordering Owens to pay restitution, the district court stated that "I am required to order and do order restitution to ... the U.S. Postal Service in the amount ... [of] $3,897.65." The government argues that restitution is required under the sentencing guidelines and that the district court did not abuse its discretion in ordering restitution even though Owens's only asset was an automobile worth $50.00.

■ There are two parts to this issue. The first is whether restitution is mandatory. We agree with Owens that restitution is not mandatory. Under the Sentencing Reform Act of 1984, Pub.L. No. 98–473, Title II, § 212(a)(2), 98 Stat. 1837, 1991, 1999 (codified, as amended, at 18 U.S.C. §§ 3556 (authorizing restitution generally), 3583(d) (restitution as a condition of supervised release)), sentencing courts have broad discretion to order restitution. *E.g.,* *United States v. Mitchell,* 893 F.2d 935, 936 (8th Cir.1990); *accord United States v. Teehee,* 893 F.2d 271, 273 (10th Cir.1990); *United States v. Bruchey,* 810 F.2d 456, 458 (4th Cir.1987) (pre-Guidelines). However, this discretion is limited by the Victim and Witness Protection Act of 1982 (VWPA), Pub.L. No. 97–291, § 5, 96 Stat. 1248, 1253 (codified, as amended, at 18 U.S.C.A. § 3663) (West 1985 & Supp.1990). Title 18 U.S.C.A. § 3663(a) (West Supp. 1990) (emphasis added) provides that "[t]he court, when sentencing a defendant convicted of an offense under [title 18 and designated subdivisions of 49 U.S.C. § 1472], *may* order, in addition to or, in the case of a misdemeanor, in lieu of any other penalty authorized by law, that the defendant make restitution to any victim of such

1. The defense argued that the total value of the stolen items was the insured value of the jewelry plus the value of the fast food gift certificates, or $11,423.22, because the jewelry was stolen from wholesalers. The government argued that the "fair market value" meant the higher retail value.

2. Owens's total offense level was 8. The base offense level was 4, plus 6 points because the offense conduct involved items with a total market value of between $20,001.00 and $50,000.00, less 2 points because Owens's accepted responsibility for the offense conduct. Owens had 0 criminal history points and a criminal history category of I. The applicable guideline sentencing range was 2–8 months.

offense." Title 18 U.S.C. § 3664(a) further provides that the sentencing court,

in determining whether to order restitution ... and the amount of such restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate.

◼ Analysis of the language of the VWPA suggests that restitution is not mandatory. Specifically, § 3663(a) states that a court "may" order restitution; it does not state that a court "shall" order restitution. In addition, "[t]he VWPA implicitly requires the district judge to balance the victim's interest in compensation against the financial resources and circumstances of the defendant—all while remaining faithful to the usual rehabilitative, deterrent, retributive and restrictive goals of criminal sentencing." *United States v. Bruchey*, 810 F.2d at 458. The balance of these factors in each particular case may not necessarily warrant restitution. We conclude that the VWPA does not mandate restitution in all circumstances. Thus, under the VWPA, restitution is not inevitable. *See United States v. Atkinson*, 788 F.2d 900, 903 (2d Cir.1986), *citing* S.Rep. No. 532. 97th Cong., 2d Sess. 30, *reprinted in* 1982 U.S.Code Cong. & Admin.News 2515, 2536.

Only the restitution guideline, Guideline § 5E4.1(a),[3] uses mandatory language. This guideline provides that "[r]estitution shall be ordered for convictions under Title 18 of the United States Code ... in accordance with 18 U.S.C. § 3663(d), and may be ordered as a condition of probation or supervised release in any other case." However, the mandatory language in Guideline § 5E4.1(a) is a cross-reference to the VWPA itself. We read the mandatory language in Guideline § 5E4.1(a) to require only that restitution orders be imposed in

accordance with the VWPA and not that restitution shall be ordered in every case.

Because the district court mistakenly believed that restitution was mandatory, we vacate the restitution order and remand for further proceedings consistent with this opinion.

◼ The second part of the issue on appeal is whether indigency bars a restitution order. Owens argues the district court abused its discretion in ordering him to pay restitution because he is indigent. We disagree. This circuit has not squarely held that an indigent defendant cannot be ordered to pay restitution. Under the VWPA, however, a defendant's financial resources is one of the factors that must be considered by the sentencing court in deciding whether to order restitution. 18 U.S.C. § 3664(a); *see, e.g., United States v. Mitchell*, 893 F.2d at 936 (consider defendant's ability to pay). We note that other circuits have allowed restitution "against an insolvent defendant because the [VWPA] does not prohibit restitution in such instances; and a defendant's financial situation may well change in the future, making him [or her] able to pay some if not all the restitution ordered." *United States v. Ryan*, 874 F.2d 1052, 1054 (5th Cir.) (citing cases from the Second, Fourth, Sixth, Seventh, Ninth, and Tenth Circuits), *cert. denied*, —— U.S. ——, 109 S.Ct. 1138, 103 L.Ed.2d 199 (1989). *But cf. Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983) (constitutional safeguards before defendant can be imprisoned for failure to comply with restitution order).

We would encourage sentencing courts, when ordering restitution under the VWPA, to make specific findings of fact about the defendant's financial resources, financial needs and earning ability and the defendant's financial obligations to his or her dependents, if any. Effective appellate review is difficult, if not impossible, without specific findings of fact on the factors relevant to the application of the VWPA. *See, e.g., United States v. Bruchey*, 810

---

**3.** Guideline § 5E4.1 is numbered as Guideline § 5E1.1 in the Federal Sentencing Guidelines

Manual (West ed. 1990).

F.2d at 458–59. *But cf. United States v. Hairston*, 888 F.2d 1349, 1352–53 (11th Cir. 1989) (reviewing positions of circuits on whether findings of fact are necessary under VWPA and adopting "middle" position that district court must make findings of fact only if record does not otherwise provide adequate basis for appellate review). In particular, the sentencing court should make a finding about the defendant's ability to pay any restitution order, especially when, as in the present case, the defendant is indigent at the time of sentencing. *See United States v. Mitchell*, 893 F.2d at 936 (remanding for finding as to defendant's ability to pay restitution amount within specified period of time); *see also United States v. Mahoney*, 859 F.2d 47, 52 (7th Cir.1988) (defendant must have "at least a hope" of paying restitution ordered).

Accordingly, the restitution order is vacated and the case is remanded to the district court for further proceedings consistent with this opinion.