**Henry Bert MEANS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 91–2890.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 10, 1992.

Decided April 3, 1992.

Henry Bert Means, pro se.

Diana Ryan and Philip N. Hogen, Rapid City, S.D., on the brief, for appellee.

Before JOHN R. GIBSON, Circuit Judge, HEANEY, Senior Circuit Judge, and FAGG, Circuit Judge.

HEANEY, Senior Circuit Judge.

Henry Bert Means, a 16–year old Native American, was convicted in January 1984 of voluntary manslaughter in violation of 18 U.S.C. §§ 1112 and 1153. He was sentenced under the Federal Youth Correction Act and committed to the custody of the attorney general for treatment and supervision for ten years or until paroled pursuant to 18 U.S.C. § 5017(d) (repealed 1984). The court also ordered Means to make restitution of $1,352.50 pursuant to the Victim and Witness Protection Act of 1982, 18 U.S.C. §§ 3579–80 (current version at 18 U.S.C. §§ 3663–64). The court knew that Means was an indigent at the time it ordered him to make restitution. Means did not appeal his sentence.

In June of 1984, Means moved for a reduction of his sentence but did not raise the question of restitution. His motion was denied. In March of 1990, he asked to be resentenced as an adult offender so he would be eligible for parole and to receive good-time credits. He did not raise an issue relating to restitution. Means subsequently withdrew this petition.

On May 16, 1991, Means filed a section 2255 motion to vacate that portion of his sentence requiring him to pay restitution. The matter was referred to a magistrate. The magistrate recommended denial of Means' motion, holding that restitution was not improper or contrary to section 5010(c) of the Federal Youth Correction Act.

■ In this appeal, Means raises a number of reasons why the restitution order is invalid, the most important of which is that because Means was an indigent at the time the sentence was imposed, the court was without authority to impose restitution as a part of the sentence. We cannot accept this argument. This court and others have held that district courts have the right to order restitution even though the defendant is an indigent at the time the sentence is imposed. *See United States v. Owens,* 901 F.2d 1457, 1459–60 (8th Cir.1990). In

*Owens,* we encouraged sentencing courts when ordering restitution to make "specific findings of fact about the defendant's financial resources, financial needs and earning ability and the defendant's financial obligations to his or her dependents, if any." *Id.* We further suggested that "[e]ffective appellate review is difficult, if not impossible, without specific findings of fact on the factors relevant to the application of the" Victim and Witness Protection Act. *Id.* We stated, "[I]n particular, the sentencing court should make a finding about the defendant's ability to pay any restitution order, especially when … the defendant is indigent at the time of sentencing." *Id.* at 1460 (citations omitted). *See also United States v. Pou,* 953 F.2d 363, 371–72 (8th Cir.1992).

In this case, the sentencing hearing was not transcribed, and thus we have no way of knowing whether the district court made findings as to Means' indigency. It is important to note, however, that Means can assert his indigency in any future enforcement proceedings, and standards have been developed by the Department of Justice indicating enforcement proceedings should not be instituted unless the person has the means of supporting himself. *United States v. Atkinson,* 788 F.2d 900 (2d Cir.1986). Moreover, constitutional safeguards come into play at the time of enforcement, because a defendant cannot be punished by incarceration (or reincarceration) if his failure to pay restitution occurred through no fault of his own and there are alternatives to incarceration available. *Bearden v. Georgia,* 461 U.S. 660, 672–73, 103 S.Ct. 2064, 2072–73, 76 L.Ed.2d 221 (1983); *Owens,* 901 F.2d at 1459; *United States v. Purther,* 823 F.2d 965, 969 (6th Cir.1987); *Atkinson,* 788 F.2d at 903–04.

Accordingly, we affirm.