963 F.2d 377
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Dennis Dewey CRONK, Appellant.
 No. 91-3842.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 13, 1992.
Filed: May 20, 1992.
 
 Before FAGG, Circuit Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Dennis Dewey Cronk pleaded guilty to passing forged United States Treasury checks in violation of 18 U.S.C. § 510(a)(2). The district court sentenced Cronk to four months imprisonment and ordered Cronk to pay restitution. Cronk appeals his sentence, and we affirm.
 
 
 2
 After William Anderson died, his common law wife, Virginia Scott, asked Cronk to assist her in cashing Anderson's monthly social security benefits checks. Scott supplied Cronk with Anderson's driver's license and the benefits checks. After forging Anderson's signature, Cronk cashed the checks at the grocery store where he worked. Cronk told his fellow employees that Anderson was too ill to cash the checks himself. Cronk cashed nineteen checks totalling over $11,500, keeping $50 from each check for his services.
 
 
 3
 In sentencing Cronk, the district court adopted the presentence report's recommendations. The district court added two levels to Cronk's base offense level, finding the crime involved more than minimal planning. U.S.S.G. § 2F1.1(b)(2)(A). The district court added three levels because the offense involved a loss of more than $10,000. U.S.S.G. § 2F1.1(b)(1)(D). The district court then gave Cronk a two-level downward adjustment for accepting responsibility. U.S.S.G. § 3E1.1. Although Cronk had a negative net worth and no meaningful income, the district court also ordered Cronk to make restitution, holding Cronk jointly and severally liable with Scott for the entire loss.
 
 
 4
 Cronk contends the district court committed error in adding two levels to his sentence for more than minimal planning. We disagree. More than minimal planning exists when an offense involves repeated acts over a period of time, unless each instance was purely opportune, and when significant affirmative steps are taken to conceal the offense. See U.S.S.G. § 1B1.1 n.1(f). Under the scheme he and Scott devised, Cronk repeatedly defrauded the government over a twenty-one month period. He concealed the offense by representing that Williams was alive, but was too ill to cash the checks personally. Given these circumstances, we conclude the district court's finding that Cronk's offense involved more than minimal planning is not clearly erroneous. See United States v. Callaway, 943 F.2d 29, 31 (8th Cir. 1991) (more than minimal planning involved when defendant continued cashing granddaughter's benefits checks after third party legally adopted granddaughter).
 
 
 5
 Cronk also contends the district court's application of both the three-level increase based on the total loss and the two-level increase for more than minimal planning amounts to impermissible double-counting. This contention is without merit. We have repeatedly upheld the imposition of both increases when a defendant's conviction is based on repeated criminal conduct involving a significant loss. E.g., United States v. Wilson, 955 F.2d 547, 550 (8th Cir. 1992) (citing cases).
 
 
 6
 Finally, Cronk contends that given his limited financial means the district court's restitution order is too burdensome and should be reduced to $950-the amount he received from the forgery scheme. When deciding whether to order restitution in cases like this, the district court must consider "the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate." 18 U.S.C. § 3664(a) (Supp. II 1990). Thus, although the defendant's present ability to make restitution is a factor the court must consider, the court is not precluded from ordering an indigent defendant to make restitution. United States v. Owens, 901 F.2d 1457, 1459 (8th Cir. 1990).
 
 
 7
 Having reviewed the record, we conclude the district court did not abuse its discretion in ordering Cronk to make restitution. See id. at 1458-59. In ordering Cronk to pay restitution, the district court relied on the presentence report, which analyzed Cronk's ability to make restitution. Cronk did not object to the calculations contained in the report. Moreover, we note the report did not include the potential earnings Cronk could receive from gainful employment on his release from prison. See id. at 1459; United States v. Ryan, 874 F.2d 1052, 1054-55 (5th Cir. 1989) (in ordering restitution, court may consider potential improvement in defendant's financial situation). In our view, the district court properly ordered Cronk to make restitution based on a five-year payment schedule to be established after Cronk's release from prison.
 
 
 8
 Finally, we reject Cronk's contention that the restitution order should be limited to the $950 he actually netted from the forgery scheme. Cronk pleaded guilty and admitted he defrauded the government of over $11,500. The fact that Cronk shared the profits of the forgery scheme with Scott does not relieve Cronk of his responsibility to repay the United States for the total loss, except to the extent of any payments Scott makes. Cf. United States v. Scop, 940 F.2d 1004, 1010 (7th Cir. 1991) (joint and several liability of two codefendants appropriate although third codefendant escaped criminal liability for restitution through plea agreement).
 
 
 9
 Accordingly, we affirm.