16 F.3d 1229
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Albert George DUREN, III, Appellant.
 No. 93-1840.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 8, 1993.
Filed: January 11, 1994.
 
 Before MAGILL, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Albert Duren appeals his two 22-month concurrent sentences imposed by the district court[1] after he pleaded guilty to two counts of mail fraud, in violation of 18 U.S.C. Sec. 1341. For reversal, he argues the district court clearly erred in denying him a two-level reduction for acceptance of responsibility and in imposing restitution. We affirm.
 
 
 2
 Pursuant to a plea agreement and sentencing stipulations, the parties agreed Duren devised a scheme to defraud and obtain money from breeders and collectors of rare and exotic birds. He falsely induced these victims to make advance payments for birds through the mail. The parties agreed the total loss suffered was between $10,000 and $19,999, and that the court could consider the full amount of the loss in determining the restitution Duren should pay if restitution was ordered. The stipulated sentencing factors included a two-level reduction for acceptance of responsibility.
 
 
 3
 The probation officer recommended denial of the reduction for acceptance of responsibility because, despite pleading guilty, Duren admitted no wrongdoing. The presentence report (PSR) indicated a total offense level of 11 and a criminal history category of IV (including a 1988 conviction for mail fraud involving exotic birds), resulting in a sentencing range of 18 to 24 months. Duren did not have the ability to pay a fine or costs.
 
 
 4
 In his objections to the PSR, Duren argued he could not afford to pay restitution and he should be given the acceptance of responsibility reduction because he terminated his criminal activity before the indictment was handed down and he voluntarily made some restitution payments. The government noted it would stand by the terms of the plea agreement as to Duren's acceptance of responsibility, despite the probation officer's recommendation.
 
 
 5
 In the Addendum to the PSR, the probation officer reaffirmed her position that Duren was not entitled to an acceptance of responsibility reduction, noting he did not cease his behavior voluntarily, but instead did so only after one of the victims went to his home with police officers. Duren's restitution payments to victims had been minimal, and only took place after victims repeatedly harassed Duren. She believed Duren had lied to her during her investigation.
 
 
 6
 In a Supplemental Addendum to the PSR, the probation officer charged that Duren had recently placed advertisements in magazines advertising rare and exotic birds of a type and value inconsistent with information Duren had given her. The government sent the court a letter containing additional information and changing its position with regard to Duren's acceptance of responsibility. Duren filed a supplemental position statement, arguing he was still entitled to the reduction, claiming the birds he was advertising were the same birds he had shown the probation officer and noting the conditions of his release did not bar him from selling birds.
 
 
 7
 The sentencing court held that while Duren's guilty plea was in his favor, other circumstances, when put together, did not demonstrate an affirmative acceptance of responsibility. The court determined a total offense level of 11, a criminal history category of IV, a sentencing range of 18-24 months imprisonment, a supervised release range of two to three years, and a $2,000-$20,000 fine. The court calculated a total loss to victims of $17,223.57. The court sentenced Duren to two 22-month concurrent sentences and two concurrent three-year periods of supervised release. The court ordered him to pay total restitution of $4,500, noting it had ordered less than full restitution based on Duren's inability to pay full restitution. The court did not impose a fine based on Duren's lack of assets and impending incarceration.
 
 
 8
 The Guidelines provide that a court may decrease a defendant's offense level by two levels if "the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. Sec. 3E1.1(a). Examples of behavior which may merit this reduction include admitting guilt, voluntary repayment of restitution prior to adjudication of guilt, and voluntary termination or withdrawal from criminal conduct. U.S.S.G. Sec. 3E1.1, comment. (n.1). The Guidelines commentary also provides, however, that such conduct may be outweighed by conduct of the defendant which is inconsistent with acceptance of responsibility, and that the district court's decision is entitled to great weight on review. U.S.S.G. Sec. 3E1.1, comment. (nn.3, 5). We will not disturb the district court's findings on this issue unless they are clearly erroneous. See United States v. Laird, 948 F.2d 444, 447 (8th Cir. 1991). Here, the probation officer recommended Duren be denied this reduction based on his statements to her during her investigation. The government eventually recommended Duren not receive the reduction when he continued to advertise and make false promises regarding exotic birds. Duren's false statements to the probation officer also support the denial. Given this record, we conclude the district court properly denied Duren the two-level reduction.
 
 
 9
 In determining whether to impose restitution, the district court must consider "the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate." 18 U.S.C. Sec. 3664(a). In making a restitution decision, a sentencing court is given a great deal of discretion. United States v. Mitchell, 893 F.2d 935, 936 (8th Cir. 1990). Although a defendant's imprisonment or indigency do not automatically bar restitution, they are factors which the sentencing court must consider. United States v. Owens, 901 F.2d 1457, 1459-60 (8th Cir. 1990).
 
 
 10
 Here, the court considered Duren's financial situation, ordered only partial restitution, and did not impose a fine. The government noted that Duren could obtain work after being released from prison, and also that he retained some exotic birds with some value. Given this is not the first time Duren has schemed to defraud innocent victims, the district court's restitution order was not an abuse of discretion.
 
 
 11
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Diana E. Murphy, Chief Judge, United States District Judge for the District of Minnesota