34 F.3d 1070
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES OF AMERICA, Appellee,
v.
Michael John BLADE, Appellant.
 No. 93-4077.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 25, 1994.
Filed: August 30, 1994.
 
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael John Blade appeals his 41-month sentence imposed by the district court[1] several years after he pleaded guilty to wire fraud, in violation of 18 U.S.C. Sec. 1343. We affirm.
 
 
 2
 Blade pleaded guilty pursuant to a plea agreement, and the parties stipulated that Blade had intentionally devised a scheme to defraud victims of "money and property totalling between $50,000 and $100,000." The 1989 presentence report (PSR) indicated a loss amount of $58,700, a criminal history category of VI reflecting a criminal past rife with fraud, and a Guidelines range of 33 to 41 months. Blade objected that the total loss was less than $50,000 because he had repaid one of the victims $10,000 in January 1989.
 
 
 3
 At Blade's March 1989 plea hearing, he asked to be released for seven days so that he could reimburse the victims. Noting the government's agreement to this request, the court expressed reservations but allowed his release. Blade then absconded, failed to attend his sentencing hearing, was later arrested for fraud in Montana in December 1989, and was not sentenced for the instant offense until December 1993.
 
 
 4
 At sentencing, defense counsel made no further objections to the PSR, and informed the court that Blade had stated he would be able to make full restitution within thirty days. The court sentenced Blade to 41 months imprisonment and three years supervised release. The court imposed, as a supervised release condition, restitution in the sum of $58,700 less any amount Blade had previously paid.
 
 
 5
 On appeal, Blade now argues the district court erred in holding him responsible for a loss greater than $50,000 when he had voluntarily repaid $10,000 of his $58,700 fraud. He also argues the court erred in imposing $58,700 in restitution because he has no ability to repay that amount.
 
 
 6
 At the time of Blade's offense, the Guidelines provided for a base offense level of 11 if the "probable or intended loss" was between $50,000 and $100,000. U.S.S.G. Sec. 2F1.1 (1988). The amount of the probable or intended loss would be used if it was greater than the actual loss. Section 2F1.1, comment. (n.7). " 'The focus for sentencing purposes under Sec. 2F1.1 should be on the amount of possible loss the defendant attempted to inflict on the victim.' " United States v. Mills, 987 F.2d 1311, 1315-16 (8th Cir.) (quoting United States v. Prendergast, 979 F.2d 1289, 1292 (8th Cir. 1992), and rejecting defendant's argument that loss attributed to him should not include amount of money he returned to victims before being criminally charged), cert. denied, 114 S. Ct. 403 (1993). Here, Blade stipulated to an amount of loss between $50,000 and $100,000 and he did not object to the district court's calculated loss amount at sentencing. Investigators interviewed Blade regarding this matter in October 1988, and the $10,000 repayment allegedly occurred in January 1989. We conclude the loss calculation was correct.
 
 
 7
 In determining whether to impose restitution, the court must consider "the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate." 18 U.S.C. Sec. 3664(a). Although a defendant's indigence does not automatically bar restitution, it is a factor which the sentencing court must consider. United States v. Owens, 901 F.2d 1457, 1459-60 (8th Cir. 1990). The sentencing transcript shows the district court did consider Blade's indigence, and accordingly declined to impose any further fines and costs, credited Blade for any repayment already made, and gave him three years after release to make full restitution. The record below also shows, however, the victims suffered devastating losses, Blade failed to object to the restitution order at sentencing and even expressed confidence that he could reimburse the victims within thirty days, and he had a long history of fraud upon innocent victims. We find no abuse of discretion. See United States v. Mitchell, 893 F.2d 935, 936 (8th Cir. 1990).
 
 
 8
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota