UNITED STATES of America, Appellee,

v.

**Steven Paul BERNDT, Appellant.**

UNITED STATES of America, Appellee,

v.

**David John ASMUSSEN, Appellant.**

Nos. 95–3503, 95–3938.

United States Court of Appeals, Eighth Circuit.

Submitted May 16, 1996.

Decided June 13, 1996.

Rehearing Denied July 31, 1996.

**807**

Thomas M. Keller, Sioux Falls, South Dakota, argued for Berndt and John Allen Heisler, Sioux Falls, South Dakota, argued for Asmussen.

Karen E. Schreier, Assistant U.S. Attorney, Sioux Falls, South Dakota, argued for appellee.

Before MURPHY, Circuit Judge, ROSS, Senior Circuit Judge, and VAN SICKLE,* Senior District Judge.

VAN SICKLE, District Judge.

Steven Paul Berndt and David John Asmussen appeal various aspects of their convictions and sentencing. Asmussen contends that the evidence was insufficient to convict him, the district court[1] erred by imposing a two-level Guidelines enhancement for obstruction of justice, and that the district court miscalculated the amount of the loss to the victims for sentencing purposes. Berndt claims the district court erred by imposing a fine and restitution against him. We affirm the convictions and sentences.

## I. BACKGROUND

This case involves a conspiracy between the defendants arising out of a used car dealership owned by Berndt in Brandt, South Dakota. Between August, 1992 and February, 1994, the defendants systematically purchased high-mileage, late-model cars, altered their odometers, forged the title and registration documents to show the altered mileage, and resold the cars to unsuspecting buyers.

On February 16, 1995, a 117–count indictment was filed against Berndt and Asmussen for mail fraud, conspiracy to tamper with odometers, odometer tampering, and aiding and abetting, in violation of 18 U.S.C. §§ 1341, 1342 and 15 U.S.C. §§ 1986, 1984, and 1990(c). On May 8, 1995, Berndt pled guilty to one count of conspiracy, one count of mail fraud, and one count of odometer tampering. Berndt was sentenced on September 18, 1995 to 36 months in prison, ordered to pay restitution in the amount of $68,950, and fined $30,000.

The preceding indictment was dismissed against Asmussen and a 56–count superseding indictment was filed on July 14, 1995, charging Asmussen with the same crimes as above. Asmussen pled not guilty to all charges. A jury found him guilty of 54 of the 56 counts on August 10, 1995. On October 30, 1995, the district court sentenced Asmussen to 37 months in jail and ordered him to pay $45,051 in restitution. Both defendants filed timely appeals to their convictions and sentences.

## II. DISCUSSION

### A. Berndt's Fine

Defendant Berndt appeals the imposition of a $30,000 fine against him. During his plea bargain with the government, the defendant agreed to make restitution in the amount of $20,000 and to sign over title to the government of three vehicles which were worth approximately $19,000. The possibility of a fine was not discussed. According to the presentence report, Berndt possesses a negative net worth of -$95,255.00 with a net monthly cash flow of $440.00.

The government alleged that Berndt was hiding assets and overstating his debts. Specifically, the government disputed the defendant's claims that he owed a friend, Scott Keller, $50,000 and his grandfather $10,000 in business loans. The government also believed that the defendant transferred almost $25,000 worth of assets to Keller and hid $30,000 in his attic. The government contended that the total amount of undisclosed assets was $78,950.

---

* The HONORABLE BRUCE M. VAN SICKLE, Senior United States District Judge for the District of North Dakota, sitting by designation.

1. The Honorable Charles B. Kornmann, District Judge for the District of South Dakota.

■ The Sentencing Guidelines provide that the district court shall impose a fine "in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a). In determining the amount of the fine, the court "shall" consider seven factors.[2] 18 U.S.C. § 3572, U.S.S.G. § 5E1.2. Since the word "shall" is present in both the Guidelines and the Code, the district court must take into account these factors or at least the factors relevant to the particular case before it. *United States v. Young*, 66 F.3d 830, 838 (7th Cir.1995); *United States v. Hyppolite*, 65 F.3d 1151, 1159 (4th Cir.1995), *cert. denied*, — U.S. —, 116 S.Ct. 1558, 134 L.Ed.2d 659 (1996). The district court need not provide detailed findings under each of the factors listed above, but must provide enough information on the record to show that it considered the factors above so that the appellate court can engage in meaningful review. *United States v. Bauer*, 19 F.3d 409, 413 (8th Cir.1994); *United States v. Miller*, 995 F.2d 865, 869 (8th Cir.), *cert. denied, Patterson v. United States*, — U.S. —, 114 S.Ct. 618, 126 L.Ed.2d 583 (1993).

■ A district court's imposition of a fine and the determination of the amount of the fine will not be reversed unless clearly erroneous. *Miller*, 995 F.2d at 868–69. *See United States v. Turner*, 975 F.2d 490, 498 (8th Cir.1992), *cert. denied, Dowdy v. United States*, 506 U.S. 1082, 113 S.Ct. 1053, 122 L.Ed.2d 360 (1993). It is incorrect for a court to impose a fine that the defendant has little chance of paying. *United States v. Granados*, 962 F.2d 767, 774 (8th Cir.1992). *See* U.S.S.G. § 5E1.2(a). The defendant has the burden of proving that he cannot pay the fine. *Young*, 66 F.3d at 839; *Hyppolite*, 65 F.3d at 1159.

■ We find that the district court did not commit clear error and affirm the imposition of the fine. The district court determined that the defendant's offense level was 19. The guidelines authorize a fine between $6,000 and $60,000 for that offense level. U.S.S.G. § 5E1.2(c)(3). The $30,000 fine is within that range.

Furthermore, there is substantial evidence that the defendant attempted to conceal assets from the government for the purpose of reducing the amount of fine he would be required to pay. The debts that the defendant claims are also suspect. The notes to the Guidelines provide that "[t]he existence of income or assets that the defendant failed to disclose may justify a larger fine than that which otherwise would be warranted under § 5E1.2." U.S.S.G. § 5E1.2, comment(n.6). The defendant has also not met his burden of demonstrating he will be unable to pay the fine. Thus, we cannot say that the imposition of the fine was clearly erroneous.

Therefore, the fine imposed in the amount of $30,000 against defendant Berndt is upheld.

### B. Berndt's Restitution

The district court ordered defendant Berndt to pay $68,950 in restitution for his fraud. The defendant claims that this amount is too high considering his limited financial resources.

■ The District Court may order the offender to make restitution. 18 U.S.C. § 3663; U.S.S.G. § 5E1.1. The trial court must make a determination of the defendant's ability to pay. *United States v. Mitchell*, 893 F.2d 935, 936 (8th Cir.1990). In determining restitution, the court shall consider the amount of loss sustained by any victim as a result of the offense, the financial

---

**2.** The factors are:

1. the need for the combined sentence to reflect the seriousness of the offense . . .;

2. any evidence presented as to the defendant's ability to pay the fine . . . in light of his earning capacity and financial resources;

3. The burden that the fine places on the defendant and his dependents relative to alternative punishments;

4. any restitution or reparation that the defendant has made or is obligated to make;

5. any collateral consequences of conviction, including civil obligations arising from the defendant's conduct;

6. whether the defendant has been fined for a similar offense; and

7. any other pertinent equitable considerations.

U.S.S.G. § 5E1.2(d).

resources of the defendant, the financial needs and earning ability of the defendant, and any other factors the court deems appropriate. 18 U.S.C. § 3664. Courts are encouraged to make specific findings of fact regarding these factors, especially in reference to the defendant's ability to pay a restitution order. *United States v. Owens,* 901 F.2d 1457, 1459–60 (8th Cir.1990). That the defendant pled guilty and did not object to his sentence at the hearing reduces the importance of the judge making specific findings of fact about the above criteria. *See United States v. Bartsh,* 985 F.2d 930, 933 (8th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1204, 127 L.Ed.2d 551 (1994); *United States v. Osborn,* 58 F.3d 387, 388–89 (8th Cir.1995). *See also* 18 U.S.C. § 3663(a)(3) ("The court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement.").

■ An order of restitution is reviewed under the clearly erroneous standard. *See Osborn,* 58 F.3d at 388. The burden of demonstrating the loss of the victims is on the government while the burden of demonstrating the financial resources of the defendant is on the defendant. 18 U.S.C. § 3664(d). Restitution is not mandatory, *Owens,* 901 F.2d at 1458, but district courts have wide discretion in ordering restitution. *Bartsh,* 985 F.2d at 933 (8th Cir.1993). A court may impose restitution even if the defendant is indigent at the time of sentencing. *United States v. Manzer,* 69 F.3d 222, 229 (8th Cir. 1995); *Owens,* 901 F.2d at 1459.

■ The restitution order in the amount of $68,950 is only about half of the loss sustained by these victims of odometer tampering. The district court competently reviewed the financial resources of the defendant and his ability to pay. Because the order of restitution was fair and not clearly erroneous, it must be upheld.

## C. Sufficiency of the Evidence for Asmussen's Convictions

Defendant Asmussen claims that the evidence was insufficient to convict him of 25 counts of mail fraud, 18 U.S.C. § 1341; one count of conspiracy to tamper with odometers, 15 U.S.C. § 1986, *recodified at,* 49 U.S.C. § 32703(4); and 28 counts of odometer tampering, 15 U.S.C. § 1984, *recodified at,* 49 U.S.C. § 32703(2). He contends that the jury based its decision on the testimony of his co-conspirator, Berndt, who defendant Asmussen claims is untrustworthy.

■ When reviewing the sufficiency of the evidence after a conviction, this court must examine it in the light most favorable to the government, giving it the benefit of all reasonable inferences, and can reverse only if this court concludes that a reasonable factfinder could not have found the defendant guilty beyond a reasonable doubt. *United States v. Matra,* 841 F.2d 837, 840 (8th Cir. 1988) (citations omitted).

■ To sustain a charge of mail fraud, the government need only prove the existence of a scheme to defraud and the use of the mails for the purpose of executing the scheme. *Manzer,* 69 F.3d at 226. Intent is an essential element of the crime of mail fraud, *id.,* but the jury may properly infer that intent from circumstantial evidence. *United States v. Brown,* 763 F.2d 984, 989 (8th Cir.), *cert. denied,* 474 U.S. 905, 106 S.Ct. 273, 88 L.Ed.2d 234 (1985).

■ To convict a defendant of conspiracy, the government must prove beyond a reasonable doubt that there was an agreement to achieve some illegal purpose, that the defendant knew of the agreement, and that the defendant knowingly became a part of the conspiracy. *United States v. Maxwell,* 25 F.3d 1389, 1395 (8th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 610, 130 L.Ed.2d 519 (1994); *United States v. Rogers,* 982 F.2d 1241, 1244 (8th Cir.), *cert. denied,* 509 U.S. 912, 113 S.Ct. 3017, 125 L.Ed.2d 706 (1993). In a conspiracy prosecution the testimony of a co-conspirator is not per se unreliable and it is for the jury to decide how much weight this testimony should be given. *United States v. Sopczak,* 742 F.2d 1119, 1121 (8th Cir.1984). The government need not show more than a tacit understanding between the participants. *Maxwell,* 25 F.3d at 1395.

Finally, as to the crime of odometer tampering, a person cannot "disconnect, reset,

alter, or have disconnected, reset, or altered, an odometer of a motor vehicle intending to change the mileage registered on the odometer." 49 U.S.C. § 32703(2).[3]

There is more than enough evidence for the defendant to have been convicted on all counts. It was a necessary part of the scheme that the mails would be used in order for the purchasers to receive title certificates which showed the fraudulent mileage count. A conspiracy existed between the two defendants to purchase the high-mileage vehicles, tamper with the odometers, and sell the same vehicles with significantly fewer miles listed on the odometer. The evidence was also sufficient to convict the defendant of odometer tampering. *See United States v. Hugh Chalmers Chevrolet–Toyota, Inc.,* 800 F.2d 737 (8th Cir.1986). Therefore, as the evidence was sufficient on all counts, the convictions are affirmed.

### D. Asmussen's Sentence Enhancement for Perjury

The defendant believes that the district court should not have added a two-point increase under the Guidelines for perjury. He believes that the court should not have relied on the testimony of his co-conspirator and that the findings of the district court in regard to perjury were insufficient.

If the defendant wilfully obstructed or impeded the administration of justice during the investigation, prosecution, or sentencing of the instant offense, the offense level will be increased by two levels. U.S.S.G. § 3C1.1. This includes committing or suborning perjury. *United States v. Gleason,* 25 F.3d 605, 608 (8th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 283, 130 L.Ed.2d 199 (1994); U.S.S.G. § 3C1.1, comment (n.3(b)). A witness testifying under oath commits perjury if he "gives false testimony concerning a material matter with the wilful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan,* 507 U.S. 87, 94, 113 S.Ct. 1111, 1116, 122

L.Ed.2d 445 (1993). The enhancement cannot be given simply because the jury does not believe the defendant; the district court must find that the defendant committed perjury. *United States v. Willis,* 940 F.2d 1136, 1140 (8th Cir.1991), *cert. denied,* 507 U.S. 971, 113 S.Ct. 1411, 122 L.Ed.2d 782 (1993). A district court "must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice." *Dunnigan,* 507 U.S. at 95, 113 S.Ct. at 1117. It is preferable for the district court to address each element of the alleged perjury in "a separate and clear finding." *Id.*

The government bears the burden of proving the facts necessary to support the enhancement. *United States v. Anderson,* 68 F.3d 1050, 1055 (8th Cir.1995). This court applies the clearly erroneous standard of review and gives great deference to the sentencing judge in reviewing the decision to impose a sentence enhancement. *Id.*

The defendant testified that he had no knowledge of odometer tampering. The jury believed that the defendant had lied and the trial judge also thought the defendant's testimony "was knowingly and materially false." This is not a case where the defendant was confused, mistaken, or suffering from faulty memory. We find that the district court's decision to augment the offense level due to obstruction of justice through the commission of perjury was not clearly erroneous and that the sentence enhancement under the Guidelines for perjury should be upheld.

### E. The Computation of Loss in Regard to Asmussen's Sentence

Finally, defendant Asmussen finds fault with the district court's determination that there were 90 cars involved in this odometer tampering scheme. The government was able to identify specifically only 67 vehicles. Asmussen's presentence investigative report, in its calculation of total loss, stated that there were 80 cars involved.

---

**3.** The language of the repealed 15 U.S.C. § 1984 is almost identical to the present language of 49 U.S.C. § 32703(2) and is exactly the same in all pertinent respects. *See* 15 U.S.C. § 1984 (re-

pealed July 4, 1994). Therefore, the recodification does not affect the outcome of the case before this court.

For the offense of tampering with odometers, the base offense level is 6. U.S.S.G. § 2N3.1(a). If the offense involved more than one vehicle, the Sentencing Guideline involving fraud is applied. U.S.S.G. § 2N3.1(b). For offenses involving fraud, the offense level is increased depending upon the calculation of the dollar amount of the fraud. U.S.S.G. § 2F1.1(b). The burden of proof is on the government in regard to any enhancing factors such as this. *United States v. Hammer*, 3 F.3d 266, 272 (8th Cir. 1993), *cert. denied, Walkner v. United States*, — U.S. ——, 114 S.Ct. 1121, 127 L.Ed.2d 430 (1994). The focus is on the intended loss to victims of the fraud. *See Anderson*, 68 F.3d at 1055; *United States v. Morris*, 18 F.3d 562, 570 (8th Cir.1994). The loss need not be determined with precision; the court need only make a reasonable estimate of the loss given the available information. U.S.S.G. § 2F1.1, comment (n.8). The amount of loss calculated under the fraud guideline is reviewed for clear error. *United States v. Morton*, 957 F.2d 577, 580 (8th Cir.1992).

To determine the amount of loss in an odometer tampering case, this court considers all harm resulting in all acts or omissions that were "part of the same course of conduct or common scheme or plan as the offense of conviction." *Morton*, 957 F.2d at 579; U.S.S.G. § 1B1.3(a)(2). Thus, if the "offense of conviction" is mail fraud, the resulting loss from a related conspiracy may be included in the calculation if it involves the same course of conduct or common scheme or plan. *Id.* Eighth Circuit district courts can consider conduct in dismissed counts. *Id.* at 579–80. The relevancy of the conduct is a factual finding only reversible if clearly erroneous. *Id.* at 580.

The sentencing court determined the loss to be 90 vehicles at $4,000 per vehicle, for a total of $360,000 plus the loss of taxes at 3%, for a total of $370,800. The defendant does not contest the $4,000 figure, but only the number of vehicles used for the calculation. The presentence report used 80 vehicles for its calculation of loss, but stated that the scam involved 80 to 100 vehicles. The defendant did not object to the presentence report. The government claims that 100 vehicles were involved, relying on a statement made by the defendant's co-conspirator, but could only collect evidence on 67 vehicles. The sentencing judge seems to have split the difference and arrived at the 90 vehicle figure. Considering that fraud involves the element of deceit and secrecy, it is likely that there are more automobiles involved in this odometer-tampering scheme than the government can track down. Despite the fact that only 67 vehicles have been identified, it was not clearly erroneous for the sentencing court to use a 90 vehicle figure for the determination of loss for the purpose of sentencing under the Guidelines. The estimate of loss was reasonable and the calculation of loss should be affirmed.

F. Conclusion

We find that the district court did not err in the imposition of a fine and restitution against defendant Berndt, nor was the evidence insufficient to convict defendant Asmussen, nor did the district court err in enhancing for perjury or calculating the loss in regard to Asmussen's sentence. Therefore, the decision of the district court is affirmed.