_____

No. 96-2373
_____

United States of America,       *
                                *
          Appellee,             *
                                *  Appeal from the United States
     v.                         *  District Court for the
                                *  District of South Dakota.
Steven Paul Berndt,             *      [UNPUBLISHED]
                                *
          Appellant,            *


_____

          Submitted:  September 5, 1996

             Filed:  September 11, 1996
_____

Before FAGG, WOLLMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.


     In this direct criminal appeal, Steven P. Berndt appeals his criminal
contempt conviction in the district court.[1]  We affirm.


     As part of his sentence following his May conviction for conspiracy,
mail fraud, and odometer tampering, Berndt was required to make restitution
of $68,950.  The judgment ordered Berndt to transfer title to three motor
vehicles "immediately" and to transfer other real property to the United
States to satisfy his restitution obligations.  We previously have affirmed
Berndt's conviction and the restitution order.  See United States v.
Berndt, 86 F.3d 803 (8th Cir. 1996).


_____

     The Honorable Charles B. Kornmann, United States District
Judge for the District of South Dakota.

In March 1996, upon the government's application, the district court issued an order to show cause why Berndt should not be held in contempt for disobedience of the restitution order, in violation of 18 U.S.C. §§ 401 and 402, because Berndt had refused to sign over to the government the motor vehicle titles and deeds.  In April and May 1996, the district court held two hearings on its show cause order, wherein Berndt testified he had not signed the transfer of title documents because he relied on what he considered the implied advice of his former counsel, Thomas Keller, that he did not need to due to his direct criminal appeal of the underlying conviction; Keller testified that the issue as to whether Berndt was required to sign the transfers of title "never arose" during his representation of Berndt, and he neither advised Berndt to refuse to sign, nor did Berndt ask for advice on whether he should sign, the transfer documents.

The district court found Berndt guilty of criminal contempt, sentencing him to three months imprisonment, to run consecutive to his current sentence.  In this appeal, Berndt argues he relied in good faith on his counsel's advice, and therefore did not act willfully in disobeying the district court's order, and the sentence imposed was excessive.

On this appeal the issue is whether the district court abused its discretion; its legal conclusions are reviewed de novo and its factual findings for clear error.  Wright v. Nichols, 80 F.3d 1248, 1250 (8th Cir. 1996).  To be in contempt, the contemnor must act willfully.  Hubbard v. Fleet Mortgage Co., 810 F.2d 778, 781 (8th Cir. 1987) (affirming finding of criminal contempt).  Willfulness in this context "`means a deliberate or intended violation, as distinguished from an accidental, inadvertent, or negligent violation of any order,'" and "`may be inferred from the evidence.'"  Id. at 781 (citations omitted).

We conclude the district court did not abuse its discretion in

not accepting Berndt's reliance-on-counsel defense and in finding him guilty of criminal contempt. See Wright, 80 F.3d at 1250-51. We also believe the district court did not abuse its discretion in imposing a consecutive, three-month sentence. See Green v. United States, 356 U.S. 165, 188 (1958) (excessive criminal contempt sentence standard of review); Hubbard, 810 F.2d at 782 (district court has discretion to fashion punishment to conform to circumstances).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.