# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3577

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Jeffrey Paul O'Connor, | * | |
| | * | [UNPUBLISHED] |
| Defendant-Appellant. | * | |

_____

Submitted:  March 13, 2001

Filed:  May 1, 2001

_____

Before MURPHY, LAY, and BYE, Circuit Judges.

_____

PER CURIAM.


The defendant, Jeffrey Paul O'Connor, entered into a financing agreement with the Onsgard State Bank[1] for the purpose of buying vehicles to sell through Ladsten Auto Sales, an established car dealership in Spring Grove, Minnesota.  The bank agreed to lend O'Connor money for specific vehicles using the vehicles as collateral.

_____

[1]This bank is now known as Jennings State Bank.

In May 1995, O'Connor obtained a loan from the bank for a 1993 Dodge Intrepid using a title from a salvage vehicle. O'Connor knew the car didn't exist, but he intended to repay the money. He planned to use this money to pay personal bills, however, the bank found out about the false loan application and seized all his assets before he could pay his bills.

O'Connor was charged with making a false bank loan application. He agreed to plead guilty to the charge and take responsibility for any restitution associated with the offense and other related offenses.[2] The presentence report calculated the amount of restitution as $21,684.72. O'Connor did not object to the amount, but he did object to his ability to pay the entire amount, due to his limited financial resources. The district court, Judge John R. Tunheim presiding, considered O'Connor's financial status, but determined that he could pay full restitution and sentenced him accordingly. O'Connor now appeals his sentence.

O'Connor argues that based on his past earning ability and financial obligations he cannot pay the restitution ordered by the court. According to O'Connor, nothing in the record shows that he has the job skills, education, or other abilities to earn more that he has in previous years, thus making it impossible for him to pay full restitution. The Government, however, asserts that full restitution is appropriate because the district court considered O'Connor's financial status and other relevant factors.[3]

[2]O'Connor was also charged with one count of financial fraud and a second count of making a false bank loan application based on other loans made with the bank. These charges were dropped as part of a plea agreement. However, in the plea agreement, O'Connor agreed to be responsible for the restitution associated with all the offenses.

[3]The Government presents a second argument on appeal that O'Connor waived his right to appeal in his plea agreement. Under the conditions of the plea agreement, O'Connor could not appeal unless the district court imposed a sentence that exceeded the statutory maximum. We decline to consider this argument, instead focusing on the

We review a district court's restitution order under an abuse of discretion standard.  See United States v. Mitchell, 893 F.2d 935, 936 (8th Cir. 1990).  As such, unless the district court failed to consider relevant factors when making its decision or made a clear error of judgment in weighing the relevant factors, the court has not abused its discretion.  See United States v. Kramer, 827 F.2d 1174, 1179 (8th Cir. 1987).

The record clearly shows that the district court considered O' Connor's financial status when sentencing him to full restitution.  The court also considered the fact that paying full restitution would "smoothen [O'Connor's] reentry into [the] community," thus concluding that it was in O'Connor's best interest to pay full restitution. (Sentencing Tr. at 21.)

Based on our review of the overall record, specifically the Sentencing Transcript, the district court properly considered all the relevant factors in making its decision.  As such, we find  no abuse of discretion and accordingly affirm.  See 8th Cir. R. 47B.

JUDGMENT AFFIRMED.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

merits of the case.