# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1518

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Allen Lee Paris, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: September 11, 2001

Filed: September 20, 2001

_____

Before LOKEN, RICHARD S. ARNOLD, and FAGG, Circuit Judges.

_____

PER CURIAM.

After using impermissible billing practices at his now defunct medical laboratory, Dr. Allen Lee Paris was convicted of conspiracy to defraud Medicare and the Civilian Health and Medical Program of the Uniformed Services (CHAMPUS) in violation of 18 U.S.C. § 371. Most of the impermissible billing involved unbundling bills for chemical tests, that is, separately billing for individual chemical tests that are routinely run, and billed for, as a group. Unbundled billing resulted in a higher rate of reimbursement. Paris now appeals his conviction and sentence of 27 months imprisonment, a $30,000 fine, and $222,654.66 in restitution imposed by the district

court.[*] Paris contends the evidence was insufficient to show there was a conspiracy to defraud the government, the government improperly misstated the law in closing argument, and the government did not adequately prove the amount of loss used to calculate his sentence. Having considered the briefs and the record, we reject Paris's contentions and affirm.

Although Paris advances three arguments disputing the sufficiency of the evidence underlying his conviction, we conclude the district court did not mistakenly deny Paris's motion for judgment of acquittal. Drawing all reasonable inferences in the light most favorable to the jury's verdict, there was sufficient evidence of a continuing conspiracy to permit a jury reasonably to find Paris guilty beyond a reasonable doubt. See United States v. Hart, 212 F.3d 1067, 1070-71 (8th Cir. 2000) (standard of review), cert. denied, 121 S. Ct. 860 (2001); see also United States v. Peterson, 223 F.3d 756, 759-60 (8th Cir. 2000) (finding sufficient evidence of conspiracy to defraud Medicare where employees submit impermissible claims per employer's instructions), cert. denied, 121 S. Ct. 1149 (2001). Because the district court's curative jury instruction provided the jury with a correct statement of law that conspiracy requires two human participants, Paris was not deprived of a fair trial by the prosecutor's single mistaken comment in closing argument that Paris could conspire with his wholly-owned corporation. See United States v. O'Dell, 204 F.3d 829, 835 (8th Cir. 2000). Finally, having concluded that the district court's finding of the amount of loss attributed to Paris's fraudulent billing practices is not clearly erroneous, we reject Paris's contention that his sentence is incorrect. See United States v. Berndt, 86 F.3d 803, 811 (8th Cir. 1996).

Finding no reversible error, we affirm Paris's conviction and sentence.

---

[*]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.