# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3356

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Arkansas. |
| | * | |
| Dennis Michael Swan, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:   January 12, 2004

Filed:   January 16, 2004

_____

Before LOKEN, Chief Judge, FAGG and BOWMAN, Circuit Judges.

_____

PER CURIAM.

After child pornography was found on the workplace computer of Dennis Michael Swan, the Government charged him with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Based on Swan's claim of indigency, the district court[*] appointed the Federal Public Defender's office to represent him. Swan later entered into a written plea agreement with the Government. In exchange for Swan's guilty plea, the Government agreed not to oppose Swan's motion for a

_____

[*]The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

downward departure from the applicable sentencing guidelines range based on his multiple sclerosis.  See U.S.S.G. § 5H1.4 (although physical condition is not ordinarily relevant, "an extraordinary physical impairment may be a reason to depart downward").  After Swan pleaded guilty at the plea hearing, he filed a motion for downward departure requesting home detention based on his physical condition.  Although the Government did not oppose the motion, the district court rejected it, finding Swan's condition did not meet the requirements of § 5H1.4. The district court sentenced Swan to thirty months in prison and imposed a fine of $25,000.  In imposing the fine, the district court noted Swan had represented he had no assets, but failed to tell the court he owned two houses.  The court ordered Swan to pay the fine by the end of his second year of supervised release, but if he sold the houses before then, to pay the fine immediately with the sale proceeds.   Swan appeals his sentence and fine.  We affirm.

Swan first contends that because the district court failed to inform him he could not withdraw his guilty plea if the court rejected the agreement, we should require specific performance and a sentence of home detention.  The agreement was not rejected or breached, however.  The United States adhered to the agreement's stipulation that the Government would not oppose Swan's motion for downward departure.  The district court accepted Swan's guilty plea and ordered that the plea agreement be filed in the record.  The court's refusal to grant Swan's departure motion was not a rejection of the plea agreement.  The agreement did not (and could not) require the district court to grant the downward departure.  In addition, the first page of the plea agreement states in capital letters:

> THE DEFENDANT UNDERSTANDS THAT THE DISTRICT COURT IS NOT BOUND BY THESE STIPULATIONS.  THE DEFENDANT FURTHER UNDERSTANDS THAT IF THE DISTRICT COURT DOES NOT ACCEPT THE STIPULATIONS, THE DEFENDANT IS NOT ENTITLED TO WITHDRAW HIS GUILTY PLEA.

The agreement also stated that Swan read the plea agreement, discussed it with his attorney, understood it, and accepted all its terms.  Thus, any error in failing to orally

inform Swan of his right to withdraw the guilty plea in the event of nonperformance was harmless. See United States v. McCarthy, 97 F.3d 1562, 1575 (8th Cir. 1996).

Swan next argues the fine includes an order of forfeiture of Swan's residence and rental property, and due process required more notice and more of a nexus between Swan's property and his offense. The district court did not order Swan to liquidate his real property, however, but merely took Swan's real estate assets into account when analyzing his ability to pay the fine imposed by the court. The district court observed Swan could use his car, his Social Security benefits, or any other income to pay the fine. The court simply stated that if Swan sold his houses, he would be required to use the proceeds to pay off the fine. This requirement is nothing more than what the law already requires. See 18 U.S.C. § 3613(c) (fine constitutes a lien on defendant's property). We conclude imposition of the monetary fine does not constitute a forfeiture of Swan's property.

Swan also asserts that even if the district court merely imposed a fine, the court did not adequately consider the burden that the fine would cause him. See U.S.S.G. § 5E1.2(d)(3) (requiring district court to consider fine's burden on defendant). Swan contends the district court ignored the argument that he faced special financial needs, and improperly overrode his objection that the value of his property remained uncertain given the evidence presented at the sentencing hearing. The district court heard Swan's argument about the burden the fine placed on him, however, and found it unpersuasive. The district court took into account Swan's real property, income assets, and potential home-care expenses arising from his medical condition. The court also adopted the presentence report, which set forth Swan's financial condition. The district court engaged in the required analysis under the sentencing guidelines when imposing a fine. Further, the district court's fine of $25,000 falls within the applicable guidelines range for Swan's offense level. See U.S.S.G. § 5E1.2(c)(3) ($5000 to $50,000 fine for offense levels of 16-17). We conclude the district court did not commit reversible error in imposing the fine or in setting its amount. See

United States v. Berndt, 86 F.3d 803, 808 (8th Cir. 1996); United States v. Turner, 975 F.2d 490, 498 (8th Cir. 1992).

     We thus affirm Swan's sentence and fine.

_____