**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**
No. 97-4257

United States of America,         *

                              *

       Plaintiff - Appellee,    *

                              *   Appeal from the United States

   v.                      *   District Court for the

                              *   District of South Dakota.

G.L.T.,                      *

                              *

       Defendant - Appellant.   *   [UNPUBLISHED]

_____

Submitted: April 6, 1998
Filed: April 9, 1998

_____

Before FAGG, BEAM, and HANSEN, Circuit Judges.

_____

PER CURIAM.

     G.L.T., a juvenile, pleaded guilty to first degree burglary, in violation of 18 U.S.C. §§ 1153 and 5032 and South Dakota Codified Laws § 22-32-1 (Michie Supp. 1997). On appeal, he challenges the amount of restitution imposed on him by the district court.[1] At sentencing, however, G.L.T. did not object to the order of restitution he challenges here, and he concedes on appeal that the Mandatory Victims Restitution Act (MVRA), 18 U.S.C.A. § 3663A (West Supp. 1998), applies to this case. After careful review, we believe no plain error occurred in the imposition of restitution. See

_____

    [1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

United States v. Riebold, No. 97-2837, 1998 WL 42594, at *5 (8th Cir. Feb. 5, 1998) (reviewing restitution order for plain error where defendant did not object). We note G.L.T. can assert his indigency in any future proceeding to enforce the restitution order. See Means v. United States, 961 F.2d 120, 121 (8th Cir. 1992) (defendant cannot be punished by incarceration or reincarceration if failure to pay restitution occurred through no fault of his own and alternatives to incarceration are available.)

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.